Estate of Isadore Zellerbach, Deceased, J. David Zellerbach and Harold L. Zellerbach, Executors, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 9786.    Promulgated July 22, 1947.

*Albert A. Axelrod, Esq.,* and *Philip S. Ehrlich, Esq.,* for the petitioners.

*Edward J. Tonjes, Esq.,* for the respondent.

### OPINION.

VAN FOSSAN, *Judge*: The respondent contends that the executors under the will of Isadore Zellerbach were not required to distribute to the beneficiaries any of the income of the estate during 1942 and 1943 and that, therefore, only so much of the income as was actually distributed constituted a deduction under the provisions of section 162, Internal Revenue Code.

The petitioners contend that the estate is entitled, under section 162

(b) and (c),[1] to a deduction of the full amount of its 1942 and 1943 income. They argue that the will provides for the distribution of three-sixths of the residue to the widow and one-sixth to each of the three children of decedent; that under the provisions of section 300 of the California Probate Code [2] the beneficiaries had a present right, both in 1942 and 1943, to the entire income of the estate; and that, upon petition, it would have been mandatory upon the probate court to have made an order for the payment of all of the 1942 and 1943 income to the beneficiaries. Secs. 956, 1000, and 1001, California Probate Code.[3]

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

[2] § 300. Title to Decedent's Estate: Possession. When a person dies, the title to his property, real and personal, passes to the person to whom it is devised or bequeathed by his last will, or, in the absence of such disposition, the persons who succeed to his estate as provided in Division II of this code; but all of his property shall be subject to the possession of the executor or his administrator and to the control of the superior court for the purposes of administration, sale or other disposition under the provisions of Division III of this code, and shall be chargeable with the expenses of administering his estate, and the payment of his debts and the allowance to the family, except as otherwise provided in this Code. [Enacted 1931.]

[3] § 956. Closing Administration. If all of the debts have been paid by the first order for payment, the court must direct the payment of legacies and the distribution of the estate among the persons entitled, as provided in the next chapter; but if there are debts remaining unpaid, or if, for other reasons, the estate is not in a condition to be closed, the administration may continue for such time as may be reasonable. [Enacted 1931.]

§ 1000. Petition and Notice of Hearing. At any time after the lapse of four months from the issuance of letters testamentary or of administration, the executor or administrator, or any heir, devisee or legatee, \* \* \* may petition the court to distribute a legacy, devise or share of the estate, or any portion thereof, to any person entitled thereto, upon such person giving a bond as hereinafter provided. The clerk shall set the petition for hearing by the court and give notice thereof for the period and in the manner required by section 1200 of this code. When the petitioner is not the executor or administrator, notice must be given to the executor or administrator by citation. An executor or administrator, not petitioning, or any person interested in the estate may resist the application.

§ 1001. Order for Distribution: Prerequisites to Order: Bond. If, at the hearing, it appears that the estate is but little indebted and that all inheritance taxes payable in said proceeding have been paid, or that the State controller, an inheritance tax attorney, or an assistant inheritance tax attorney has in writing consented to said distribution and the legacy, devise or share of the estate, or any portion thereof, may be distributed to the person entitled thereto without loss to the creditors or injury to the estate or any person interested therein, the court shall make an order requiring the executor or administrator to deliver the legacy, devise or share of the estate or such portion thereof as the court may designate, to the person entitled thereto, upon receiving from such person a bond executed by him, and payable to the executor or administrator in such sum as the court may

Although section 300 of the California probate code provides that title to the property of a deceased person passes to his heirs, devisees, or legatees, it also provides that the title so passes "subject to the possession of the executor or his administrator and to the control of the superior court for the purpose of administration, sale or other disposition" and "shall be chargeable with the expenses of administering his estate, and the payment of his debts and the allowance to the family." See *Dabney* v. *Dabney*, 129 Pac. (2d) 470. In the *Estate of B. Brasley Cohen*, 8 T. C. 784, involving a California estate, the question considered was whether the legatees had a present right under California law to obtain or compel a distribution of all the income during the taxable year. This Court concluded that the legatees did not have "a recognized present right under local law to obtain income or compel a distribution of income" (Regulations 111, sec. 29.162–2 (b)), stating:

The legatees did have the privilege of petitioning the court, which they did not exercise, and if they had established certain facts the local court could have in its discretion, ordered a distribution of the designated portion of the estate. We think the privilege of soliciting the local court's discretion is not the equivalent of a present right to compel distribution.

The will involved herein contains no direction for the payment of the income received during the administration of the estate to the residuary beneficiaries. Petitions were filed with the court for a distribution of the 1942 income to the extent of $181,000 and of the 1943 income to the extent of $96,000. No other petition for the distribution of income was addressed to the court either by petitioners or any of the beneficiaries under the will and no further distribution of 1942 and 1943 income was authorized. The possession and handling of the property of an estate by the executor are subject to the control of the court and the executor derives his power to act from the order of the court. *In Re Palm's Estate*, 156 Pac. (2d) 62, 66; Sec. 300, California Probate Code. The testimony of the judge of the Superior Court of San Francisco County, in which court the will involved herein was admitted to probate, to the effect that, had petition been made therefor, he would have issued an order in 1942 and 1943 for the distribution of all the income received by the estate during such years, is not determinative. Neither is it material that the bank to which the estate was indebted on a $500,000 loan, or the inheritance tax attorney, would have consented to such distribution had petition been made therefor. The facts as they actually existed during the taxable year are determinative. *American Potash & Chemical Co.*, 7 T. C. 1113, 1116.

designate, with sureties to be approved by the judge, and conditioned for the payment, whenever required, of the proportion of the debts due from the estate, not exceeding the value or amount of the legacy or portion of the estate, so ordered to be delivered. * * *

The facts herein are materially different from those in *William C. Chick*, 7 T. C. 1414. In that case the will of decedent was allowed for probate in March 1929. William C. Chick, the son of decedent, who was named both as executor and trustee under the will, immediately qualified as executor and shortly thereafter qualified as trustee. All acts necessary to complete and wind up the administration of the estate of decedent had been fully performed prior to the taxable year 1940, except that the assets comprising the residuary estate had not been transferred by the executor to himself in trust for the benefit of himself and his sister, as provided under the will. Under the terms of the testamentary trust the net income of the residuary trust was currently distributable in equal shares to the two beneficiaries. This Court approved the determination of the Commissioner that the estate in 1940 was no longer in process of administration and that the income of the estate was taxable to the two beneficiaries of the residuary trust under section 162 (b).

Herein, decedent died in August 1941. The assets of the estate had an appraised value in excess of $4,700,000. At the end of 1943 there were liabilities outstanding in excess of $1,100,000. Although the Federal estate tax as disclosed by the return had been paid, the Commissioner subsequently determined that the estate was liable for a deficiency, which controversy was not settled until November 1946. There is no showing that the process of administration had been continued unreasonably or that the ordinary duties pertaining to the administration and settlement of the estate had been completed prior to the taxable years. Sec. 29.162–1(c), Regulations 111.

It is true that in the case of *In Re Stephenson's Estate*, 150 Pac. (2d) 222, upon which petitioners primarily rely, it is stated that "It is made mandatory by section 1001 that the court make the order of distribution." The court, however, immediately modifies that statement, for it continues as follows:

\* \* \* for it is there provided that *if it appears* that the estate is but little indebted and that inheritance taxes have been paid and that the distribution of the portion of the estate may be made without loss to creditors or injury to others "the court shall make an order" for the delivery of the share of the estate or such portion thereof as the court may designate to the person entitled thereto. \* \* \*

The Probate Code clearly gives power to the court to order a partial distribution of an estate and, *given the prescribed conditions*, it is made mandatory upon the court to make the order. But to exercise that power accurately it is necessary that it first be determined what persons are entitled to the order and what portion or portions of the estate should be distributed to them. \* \* \*.

The court thus recognizes that the mandate is subject to certain conditions, so that in the last analysis the order of distribution is subject to the judgment and discretion of the probate court.

The beneficiaries had no present right to the 1942 and 1943 income. They merely had a potential right thereto, which, as to the amount in

dispute, was neither recognized nor enforced.  The 1942 and 1943 income of the estate was not income of the estate "to be distributed currently" as provided in section 162 (b).  *Estate of Andrew J. Igoe,* 6 T. C. 639.

Neither is the estate entitled to any deduction for 1942 and 1943 under section 162 (c) in addition to the amounts actually distributed out of income.  There is no evidence that the undistributed 1942 and 1943 income was properly credited to any of the beneficiaries, as required by the statute.  *Commissioner* v. *Stearns,* 65 Fed. (2d) 371; certiorari denied, 290 U. S. 670.

The facts and circumstances in *Estate of Andrew J. Igoe, supra,* are wholly different from the facts and circumstances herein.  In that case specific credits of the distributive share of income were made to the account of each beneficiary.  They were notified of their respective distributive shares; they received numerous large payments in cash, which were charged to their accounts with the estate; and the actions of the executors in so treating the income earned by the estate were approved in all respects by the court having jurisdiction over the settlement of their accounts.  Herein, the residuary beneficiaries may never have received the 1942 and 1943 income retained by the executors.  There is no evidence showing what disposition was made of such income by petitioners.

The petitioners further contend that, having distributed property of the value of $1,146,000 in addition to the distribution of $181,000 in 1942, the estate is entitled to a deduction of the entire income in 1942, and, having distributed property of the value of $30,950 in addition to the distribution of $96,000 in 1943, the estate is entitled to a deduction in 1943 to the extent of $126,950, under section 162 (d) (1) of the code.[4]

---

[4] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*   \*   \*   \*   \*   \*   \*

(d) RULES FOR APPLICATION OF SUBSECTION (b) and (c).—For the purposes of subsections (b) and (c)—

(1) AMOUNTS DISTRIBUTED OUT OF INCOME OR CORPUS.—In cases where the amount paid, credited, or to be distributed can be paid, credited, or distributed out of other than income, the amount paid, credited, or to be distributed (except under a gift, bequest, devise, or inheritance not to be paid, credited, or distributed at intervals) during the taxable year of the estate or trust shall be considered as income of the estate or trust which is paid, credited, or to be distributed if the aggregate of such amounts so paid, credited, or to be distributed does not exceed the distributable income of the estate or trust for its taxable year.  If the aggregate of such amounts so paid, credited, or to be distributed during the taxable year of the estate or trust in such cases exceeds the distributable income of the estate or trust for its taxable year, the amount so paid, credited, or to be distributed to any legatee, heir, or beneficiary shall be considered income of the estate or trust for its taxable year which is paid, credited, or to be distributed in an amount which bears the same ratio to the amount of such distributable income as the amount so paid, credited, or to be distributed to the legatee, heir, or beneficiary bears to the aggregate of such amounts so paid, credited, or to be distributed to legatees, heirs, and beneficiaries for the taxable year of the estate or trust.  \*   \*   \*

The respondent argues that there is no occasion for the application of section 162 (d), since the amounts of income and corpus distributed by the estate are clearly identifiable, and that the orders of the probate court are binding in this respect.

Subsection (d) (1) is made specifically not applicable to any amount paid, credited, or to be distributed "under a gift, bequest, devise, or inheritance not to be paid, credited, or distributed at intervals." The bequest and devise under which the distributions of income and corpus herein were made was a bequest and devise of the residue of the estate of decedent after payment of all debts, specific legacies, and administration expenses. That the residue was paid in installments, consisting of income or corpus, is immaterial and does not convert the bequest and devise into one distributable at intervals within the meaning of section 162 (d) (1).

Subsection (d) was added to section 162 by section 111 (c) of the Revenue Act of 1942 as a complement to the amendment of section 22 (b) (3) and for purposes of clarity. Ways and Means Committee Report No. 2333, 77th Cong., 2d sess., sec. 110, pp. 66–68; Report of the Committee on Finance, No. 1631, 77th Cong., 2d sess., sec. 111, pp. 69–75. Section 110 of the Ways and Means Committee report is captioned "Annuity Trusts." The section states that the construction of the existing law as contained in *Irwin* v. *Gavit*, 268 U. S. 161, was written into the amendment of section 22 (b) (3) and that both the amendment to section 22 (b) (3) and section 162 changed the treatment of gifts, bequests, devises, and inheritances of amounts to be paid in any event out of income or corpus, such as involved in *Burnet* v. *Whitehouse*, 283 U. S. 148; and *Helvering* v. *Pardee*, 290 U. S. 365. The Committee's report states that such changes involved:

* * * treating such amounts, if under the terms of the gift, bequest, or inheritance the payment, crediting, or distribution thereof is to be made at intervals, as gifts, bequests, devises, or inheritances if income from property to the extent that such amount is paid, credited, or to be distributed out of income from property. * * * [P. 67.]

As a complement to the amendment of section 22 (b) (3) and for purposes of clarity, section 162 of the Code is also amended by adding a new subsection designated as "(d)". This subsection provides a formula for allocating income of an estate or trust to legatees and beneficiaries in order to make the source of distribution clear and to prevent tax avoidance by distributions claimed to be other than out of income or out of income other than income for the current taxable year. It is immaterial under the rule stated in section 162 (d) whether income is used to make the distribution, whether such distribution may, in the discretion of the fiduciary, be made out of other than income, or whether the terms of the will or trust instrument direct that amounts other than income be used to assure the beneficiary the payment of a specified sum at stated intervals. * * * [P. 68.]

In section 111 of the report of the Committee on Finance, p. 69, it is stated:

This section is basically the same as section 110 of the bill passed by the House, relating to annuity trusts. Although numerous changes have been made by your committee, such changes are designed to give further and more detailed application of the principles of section 110 of the House bill rather than to change its fundamental theory.

See also section 29.162–2 of Regulations 111, dealing with section 162 (d) (1), which is entitled "Allocation of Estate and Trust Income to Legatees and Beneficiaries.—(a) *Allocation among annuitants.*" From the foregoing, it is obvious that amounts paid out of corpus on a bequest and devise as herein involved are not within the purpose and scope of subsection (d).

Since the bequest and devise of the residuary estate herein is a bequest and devise "not to be paid, credited, or distributed at intervals," subsection (d) of section 162 is not applicable.

Petitioners are entitled only to the deduction in 1942 and 1943 of the amount actually distributed out of income under section 162 (c). In view of our holding, the respondent is entitled to increased deficiencies. Under the stipulated facts, petitioners distributed out of income $180,297.85 in 1942 and $94,164.15 in 1943, instead of $181,000 and $96,000, respectively, allowed by respondent in his original computation.

*Decision will be entered under Rule 50.*