OPINION. Harron, Judge: The sole issue is whether the executors properly credited during the taxable year the net income of the estate to the legatees and beneficiaries of the estate within the requirements of section 162 (c), Internal Eevenue Code.[2] The respondent admits that the crediting to the beneficiaries occurred within 65 days after the close of the taxable year of the estate and, therefore, falls within the purview of section 162 (d) (8) (A), which provides that amounts paid or credited within 65 days after the close of the taxable year shall be deemed to have been paid or credited upon the last day of such year. The parties are not in dispute about the amounts of net income of the estate and of capital gains for the taxable year. Petitioner concedes that respondent did not err in making an adjustment in the net income of the estate by treating an item as a capital expense and allowing depreciation therefor, rather than allowing petitioner to deduct the total cost of the item as a business expense. This adjustment resulted in additional income of the estate in the amount of $557.55. The petitioner relies upon Estate of Andrew J. Igoe, 6 T. C. 639. There, as in the instant case, amounts were credited to the account of each beneficiary on the books of the estate with the full knowledge and consent of the beneficiaries who reported such amounts on their income tax returns. These amounts were readily available to the beneficiaries at all times. The time for filing by creditors of the estate had expired. Also, in the Igoe case, the distributions were approved by decrees of the proper court several years after distributions were made. There, as here, lawsuits were pending against the estate. In the Igoe case, we stated at page 647, that “under the facts and circumstances of record, the entry of the income and its availability upon demand constituted, in effect, an ‘account stated’ between the petitioners and each beneficiary.” Whether income is properly paid or credited within the purview of section 162 (c) is-primarily a fact question. Eespondent argues, first, that petitioner has failed to establish that under the Nevada law, the estate’s income for the taxable year constituted distributable income. Eespondent contends also that the administration had not progressed to a point where it had income which properly could be distributed. Upon the entire record in this proceeding, we hold that the executors properly credited the net income of the estate for the taxable year to the three beneficiaries. The Nevada court having jurisdiction over the administration of the estate has approved the distributions. The evidence, as a whole, shows that the estate was in a condition to make distribution of the net income for the year in question. All of the indebtedness of the estate had been paid. The estate was in a liquid condition. Its assets amounted to $524,825.24, of which cash amounted to $218,122.80. We are satisfied from the record that the administration of the estate had progressed to a point where distribution of the estate income for the taxable year was proper. .The facts in this case are substantially the same as in the Igoe case and it is concluded that the same result should be reached here. The authorities cited by respondent are distinguishable on their facts, namely, Commissioner v. Stearns, 65 F. 2d 371, certiorari denied 290 U. S. 670; Estate of Isadore Zellerbach, 9 T. C. 89; and Estate of B. Brasley Cohen, 8 T. C. 784. In computing the amount of the net income for the estate for the taxable year which was available for distribution, the executors included capital gain in the amount of $6,190.94 realized from the sale of property. Whether or not it was proper for the executors to credit this capital gain to the beneficiaries along with the business income of the estate depends upon the decedent’s will and the provisions of Nevada law. The decedent’s will did not direct the executors to add capital gain to the principal of the estate. The respondent has failed to cite any provision of Nevada law or decision of Nevada courts which requires that capital gains be added to the principal of the estate. Furthermore, the respondent, on brief, has not seriously dealt with the question. On the other hand, the petitioner relies on G. C. M. 22034, 1940-1 C. B. 90, where it was held that distributions to beneficiaries of income and gains from sales of capital assets were deductible by the estate under section 162 (c) as “properly paid” where the income was sufficient to cover the distributions and neither the will nor state law required that capital gains be added to principal. Upon the record in this proceeding, we hold that the executors did not err in crediting and distributing the capital gain in question to the beneficiaries. The .executors have abandoned an issue raised in the petition by which claim was made for a bad debt loss deduction. Since, petitioner concedes that respondent properly increased the estate’s income to the extent of $557.55, as set forth above, recompu-tation under Bule 50 is necessary. Decision will be entered wider Bule 50. SECf-162. NET INCOME. (c) In-the case of Income received by estates of deceased persons during the period of administration or settlement of the estate, * * * there shall be allowed as an additional deduction In computing the net Income of the estate or trust the amount of the Income of the estate or trust for Its taxable year, which Is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be Included In computing the net Income of the legatee, heir, or beneficiary.