FREDERICK O. MERZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17837.   Promulgated June 16, 1949.

*Herman H. Krekstein, Esq.,* for the petitioner.
*Stanley W. Herzfeld, Esq.,* for the respondent.

## OPINION.

Murdock, *Judge*: The Commissioner has refused to recognize the petitioner's wife as a real partner in the business of F. O. Merz & Co. The evidence is overwhelming in the petitioner's favor. The separate capital of the wife which she contributed to this business was not large, but neither was that contributed by the petitioner. The wife contributed services to the business from the time it was started in 1932 up through the taxable year and later. She devoted all of her working time to it. The business started in a small way and for many years she and her husband were the only persons engaged in the conduct of the business. She did not demand or receive a share of the profits, but she was responsible for a large part of the earnings of the business. Much of the credit for the increase and development of the business must go to her. She bought goods, she sold goods all over the United States, she was sought out by customers, she designed new items which were important to the success of the business, she worked in the office and in the plant, and she participated in all important decisions made by the firm. She did not directly purchase the 40 per cent of the stock of the corporation which stood in her name at the time the corporation was dissolved, but she had earned that share in the business and she contributed it to the partnership. She did everything that the other partners did in the business and to an equal or greater degree. The other two partners testified that the so-called

salary arrangement was in no sense a recognition of the wife's value to the business, but was given her largely to compensate her for expenditures which she made on behalf of the business.

*Decision will be entered for the petitioner.*