*Decision will be entered for the respondent.*

THEODORE D. STERN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19703.   Promulgated October 18, 1950.

*Daniel A. Taylor, Esq.*, and *George D. Crowley, Esq.*, for the petitioner.

*Charles D. Leist, Esq.*, for the respondent.

522

524

**OPINION.**

MURDOCK, *Judge:* The first question is whether the petitioner made gifts of 670 shares of Clark Linen Co. stock. The petitioner intended to make gifts of the shares and he actually transferred them to the four trusts. The trusts received certificates for the shares. The gifts were permanent, with no interest retained by the petitioner. All of the elements of a completed gift were present. There was no reason why he could not give those shares to the trusts. He did every important thing that could be done to give the shares to the trusts. A person may make a complete and valid gift to a trust of which that person is the trustee. *Richard H. Oakley*, 24 B. T. A. 1082. He may give shares of stock, if he chooses, rather than a share of the assets of a corporation in liquidation. *Apt* v. *Birmingham*, 89 Fed. Supp. 361; *Frederick O. Merz*, 12 T. C. 1076; *Davis B. Thornton*, 5 T. C. 116. There was no subterfuge or sham about what he did. Yet the Commissioner takes the position that he did not make gifts of the shares but continued to be

the owner of those shares and, as owner, received the liquidating distributions on those shares. If justification for that attitude is to be found, it must be in the fact that the petitioner's plan, at the time he made the transfers of the shares, was to liquidate the corporation and continue the business as a partnership. But what is there in that plan which gives the Commissioner the right to tax the petitioner as if he had retained the shares through the liquidation when the facts clearly show that he did not do that but instead gave them away before the liquidation? The existence of a plan to form a partnership does not vitiate the gifts. *M. A. Reeb*, 8 B. T. A. 759; *Richard H. Oakley, supra; Apt* v. *Birmingham, supra; Joseph Middlebrook, Jr.*, 13 T. C. 385; *Edward A. Theurkauf*, 13 T. C. 529; *Frederick O. Merz, supra; Kent* v. *Commissioner*, 170 Fed. (2d) 131; *Davis B. Thornton, supra.* This case is not like that of *Howard Cook*, 5 T. C. 908, in which there was no transfer of shares before the liquidation, but merely a letter to two minor sons stating that a gift was being made and another letter to an agent of the corporation advising it to pay the liquidating distributions to the sons. The father there, in the meanwhile, had continued to vote the shares. Here the gifts of the shares were complete and the father, thereafter, never exercised any dominion or control over the shares, except in his fiduciary capacity as trustee. Nor is this case like *J. L. McInerney*, 29 B. T. A. 1, affd., 82 Fed. (2d) 665, in which a corporation was introduced into the transactions for the sole purpose of avoiding tax. The Commissioner erred in holding that the petitioner realized gain from the liquidating distributions on those particular shares.

The next question is whether the trusts are to be recognized as valid partners for Federal income tax purposes. The Commissioner has not disregarded the partnership completely but has recognized, in addition to the petitioner, all of the other four stockholders of the predecessor corporation, including Burton. He has refused to recognize that the four trusts were valid partners for Federal income tax purposes and has held that the income distributable to them under the so-called partnership agreement is taxable instead to the petitioner under section 22 (a).

The petitioner did not attempt in November 1942 to give his wife or sons shares of stock of the corporation or any immediate direct interest in the partnership. His wife had rendered valuable services to the business for many years and apparently continued to render those services during the taxable period involved herein. Her money may have gone into the business but the evidence of that is not clear. Burton was already in the business and the two younger boys had also contributed services to the business for several years. The latter services were necessarily of no great importance except to show that

the boys were interested in, and learning about, the business. There could be little doubt of the petitioner's right to take his wife and his three sons into the business as partners under such circumstances. *Isaac Blumberg*, 11 T. C. 663.

However, he did not attempt to do that. Instead, he made the transfers to trusts of which he was trustee and kept the beneficiaries, as such, out of the business. He retained entire control in himself but that is of no particular significance since limited partners normally have no part in the control or management of the business. This was a limited partnership under the laws of Illinois. The substantial salary payable to the petitioner was recognition of the fact that he would render valuable services as a general partner, whereas no services would be rendered by or on behalf of the trusts. Cf. *Greenberger* v. *Commissioner*, 177 Fed. (2d) 990, in which the Court of Appeals recognized trusts in a family partnership conducting what the Tax Court thought was a personel service business of the husband and father. Yet the petitioner here could not absorb all or limit distributive partnership income. The other four individual partners, former stockholders, were paid salaries for their services. Burton received a salary although he was away at war. Capital was an important income producing factor of this business. The agreed net value of the property contributed by the trusts, as set forth in the certificate required by the law of Illinois, was $35,215.60 for Trust A, $3,733.10 for Trust B, and $22,638.60 each for Trusts C and D. The earnings, after salaries, were shared in proportion to capital contributions. A substantial economic change took place in which the petitioner gave up, and the beneficiaries indirectly acquired an interest in, the business. There was real intent to carry on the business as partners. The distributive shares of partnership income belonging to the trust did not benefit the petitioner. Insufficient reason exists, under the circumstances of this case, for the Commissioner to disregard the trusts as limited partners and tax their distributive shares of the income of the partnership to the petitioner.

The question of whether trusts can be valid partners for Federal income tax purposes has been discussed at length in a recent opinion by Judge Graven in *Hanson* v. *Birmingham*, 92 Fed. Supp. 33. He first considered the question of whether a trust, trustee, or beneficiary of a trust could be a partner at common law and came to the conclusion that no such partnership relation was known in any field of the common law. He then concluded that a trust can not be a valid member of a partnership for Federal income tax purposes since the statutes, the legislative history, and the decisions of the Supreme Court do not indicate any intention to expand the definition of a partnership to include one attempting to qualify as a real partnership but failing because it was invalid under state law.

This Court is unable to agree with Judge Graven that a trustee can not be a valid member of a partnership for Federal income tax purposes. Section 3797 (a) (2), I. R. C., defined a partnership to include "a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation." A married woman can not be a partner under the law of some states and yet she would be recognized as a partner with her husband under the above definition for Federal income tax purposes if, for example, they conducted a women's hat shop in which the wife was even more important than the husband, and had a "partnership agreement" under which her interest was 60 per cent. See also *L. F. Sunlin*, 6 B. T. A. 1232, in which partners married in a state where a married woman could not be a partner. See also *Dolores Crabb*, 41 B. T. A. 686, reversed on other points, 119 Fed. (2d) 772, 121 Fed. (2d) 1015. The Commissioner not infrequently recognizes a trust as a valid partner. See *Ethel Holmshaw Fickert*, 15 T. C. 344. A trust's distributive share of the net income of a partnership would have to be included in its gross income in many cases, if for no other reason than that there would be no one else to which the income could be lawfully taxed. Cf. *E. C. Ellery*, 4 T. C. 407, 413. The *Fickert* case, *supra*, is one example, and others can easily be imagined, including a case where trust corpus was used to buy a building to be managed by another under a so-called partnership agreement in which the manager was to receive a salary and a portion of the profits and the trust was to receive interest on its contribution and a share of the profits. If not a partnership under state law, it may still be a joint venture and thus a partnership for present purposes. Cf. *Isaac W. Frank Trust of 1927*, 44 B. T. A. 934. Thus, even if a trust could not be a partner under common law, and even though the enlarged definition of a partnership now appearing in section 3797 may not have been for the express purpose of covering such a situation, nevertheless, it should be used and it has been used for that purpose. *Thomas* v. *Feldman*, 158 Fed. (2d) 488; *Thompson* v. *Riggs*, 175 Fed. (2d) 81; *Robert P. Scherer*, 3 T. C. 776; *Western Construction Co.*, 14 T. C. 453; *M. A. Reeb, supra; Richard H. Oakley, supra; Charles E. Ives*, 29 B. T. A. 822; *Armstrong* v. *Commissioner*, 143 Fed. (2d) 700; *Maiatico* v. *Commissioner*, 183 Fed. (2d) 836; *Rose* v. *Commissioner*, 65 Fed. (2d) 616; *Greenberger* v. *Commissioner, supra*.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

TURNER, HILL, HARRON, OPPER, and TIETJENS, *JJ.*, dissent.