W. R. Woodard v. Commissioner. Blanche Clarke Woodard v. Commissioner.
W. Woodard v. Commissioner
Docket Nos. 22203, 22204.
United States Tax Court
1950 Tax Ct. Memo LEXIS 3; 9 T.C.M. (CCH) 1187; T.C.M. (RIA) 50320; December 29, 1950
*3 Dana Latham, Esq., 1112 Title Guarantee Bldg., 411 W. 5th St., Los Angeles, Calif., for the petitioners. R. E. Maiden, Jr., Esq., for the respondent. MURDOCK
determined deficiencies in income tax of $5,561.22 and $5,564.22 against the petitioners for 1944. The only issue for decision is whether the Commissioner erred in holding that the two younger sons of the petitioners were not limited partners and that the portion of the income which was theirs under the partnership agreement was taxable instead to the petitioners. Findings of Fact The petitioners, husband and wife, filed separate returns for 1944 with the collector of internal revenue for the sixth district of California. The petitioners, as equal partners, operated a business of manufacturing and selling women's blouses for a number of years prior to April 21, 1942. They had three sons, W. R., Jr., James, and Richard, whose ages in April 1942 were 30, 24, and 20. W. R., Jr. had worked many years in the business, contributed vital services to the business, and had asked his parents for a share in the business. He had taken over much of his father's work in the business and his parents recognized the justice *4 of his request. The two younger sons had worked in and had endeavored to learn the business during spare time while at school. James was regularly employed for more than a year prior to his entry into the Armed Forces of the United States in mid-1941. Richard was in college but had worked full time for a while and was about to enter the Army in April 1942. The petitioners wanted these two sons to take an active part in the business and the two sons wanted to have an interest in the business. The question of the formation of a partnership to include all three sons was discussed by the parents with the sons and with accounting and legal advisors for some time prior to April 1942. The petitioners each gave to their son, W. R., Jr., a 15 per cent interest in the business and to each of their two younger sons a 2 1/2 per cent interest in the business. The five persons then, on April 21, 1942, entered into a partnership agreement whereby they contributed their interests in the business and agreed that W. R., Sr. and Jr. should be general partners, managing the business, each entitled to a salary for services and, thereafter, to 30 per cent of profits or losses, and the others should *5 be limited partners with interests of 30 per cent for Blanche, and 5 per cent each for James and Richard. All five of the partners really intended that James and Richard should be limited partners in the conduct of the business. The partnership conducted the business during the taxable year. The partners reported their distributive shares of the 1944 net income of the partnership as fixed under the partnership agreement. James and Richard rendered no services to the business during 1944. Their interests were given as an inducement for them to return to the business as soon as they could and in consideration of past services. Their distributive shares of the income of the partnership were received and used by them as their own property. Their intention on April 21, 1942 was to participate actively in the business as soon as they could after their war service was ended. They were released from the Army after 1944 but they did not take an active part in the business immediately because of conditions which had developed at those times. The Commissioner, in determining the deficiencies, added to the income of each of the petitioners, one-half of the partnership income reported by *6 the two younger sons. The facts stipulated are incorporated herein by this reference. Opinion MURDOCK, Judge: The facts in this case show clearly that all five individuals really intended to become partners and to carry on the business as partners. The two younger sons were prevented by the war from contributing, during 1944, the services of which they were capable, but they were included as partners because of their past interest and services and to induce them to return to the business from which their father was gradually retiring. The case is stronger for the petitioners than many heretofore decided against the Commissioner, particularly Theodore D. Stern, 15 T.C. 521, (October 18, 1950). The Commissioner erred in not recognizing James and Richard as partners. Decisions will be entered under Rule 50.