John J. Cunningham v. Commissioner.
Cunningham v. Commissioner
Docket No. 29180.
United States Tax Court
1951 Tax Ct. Memo LEXIS 125; 10 T.C.M. (CCH) 800; T.C.M. (RIA) 51242; August 28, 1951
Wilson J. Gibney, Esq., 420 Lexington Ave., New York, N. Y., for the petitioner. Michael J. Kenny, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $3,553.07 in the income tax of the petitioner for 1944. The only issue is whether the Commissioner erred in refusing to recognize five trusts as limited partners and in taxing their distributive shares of the partnership income to the petitioner. Findings of Fact The petitioner filed his individual return for 1944 with the collector of internal revenue for the first district of New York. The petitioner's father and uncles had organized Cunningham Bros., Inc., a corporation, to engage in the provisions business. *126 The petitioner owned 220 shares of the stock of the corporation and his two brothers and two siters each owned 45 shares of the 400 shares outstanding on December 22, 1943. The stockholders decided, upon advice of counsel, to dissolve the corporation and form a partnership in order to avoid excess profits tax. The petitioner and his wife, Eleanor, had four children - two sons and two daughters. The petitioner executed a trust instrument on December 22, 1943, creating five trusts, one for Eleanor and one for each child. The trusts were irrevocable. An accountant and an attorney, who served the corporation, were appointed trustees and given broad powers. Eleanor was to receive the income from her trust for life, after which the corpus was to go in equal shares to the sons. The sons were to receive the income from their trusts until they were 28 and then were to receive the corpus. The daughters were to receive the income from their trusts until they were 35 and then were to receive the corpus. The petitioner could not benefit from the trusts. He conveyed 55 shares of the stock of the corporation to the trustees, 11 shares for each trust. The gifts to the trusts were complete and absolute *127 but the petitioner and the trustees planned throughout that the trustees would become limited partners. The corporation transferred all of its assets to the stockholders on January 3, 1944, and they, on that same day, formed a limited partnership to which they immediately transferred the assets of the business. The partnership conducted the business during 1944. The partnership was to continue from year to year until terminated by the general partners. The petitioner and one brother became general partners and the other brother, the two sisters, and the five trusts became limited partners, the share of each partner being in proportion to the share in the assets contributed by that partner. The general partners were to receive reasonable salaries. The limited partners were to render no services to the partnership. The net profit of the partnership for 1944 was $65,096.72, from which the petitioner received a salary of $16,000 and his brother a salary of $8,000, and each trust $1,130.16. Each trust contributed $113.02 to the capital of the partnership and retained the balance of $1,017.14 in its bank account. The only payments made from the trust bank accounts during 1944 and 1945 *128 were for federal and state taxes and trustees' compensation. The petitioner wanted his sons to become interested in the business. The record does not show the age of any child. The Commissioner, in determining the deficiency, added to the reported income of the petitioner $6,313.40, which brought his share of the partnership income, after salaries, to 55 per cent. He explained that the trusts for the petitioner's wife and children were not bona fide members of the partnership for federal income tax purposes and their distributive shares of the partnership income were taxable to the petitioner under section 22 (a). The stipulation, including all exhibits attached, is incorporated herein by this reference. Opinion MURDOCK, Judge: The trusts were not the only limited partners and the petitioner was not the only general partner. Others joined on equal bases. The salaries paid the general partners exceeded those they had received as officers of the corporation. The petitioner retained no control over the trusts. If the trusts had held stock in th corporation for a substantial period of time there would be little or no reason to question the complete bona fides of the partnership. *129 It is obvious that the petitioner knew when he created the trusts and transferred the shares to them that the business would continue and that the trusts would not pull out. However, that cricumstance would not justify a disregard of the participation by the trusts. The case is similar to that of Theodore D. Stern, 15 T.C. 521, although not as strong for the taxpayer in some respects; still the evidence preponderates somewhat in favor of the petitioner. Decision will be entered under Rule 50.