Harland Bartholomew v. Commissioner. Russell H. Riley v. Commissioner. Eldridge Lovelace v. Commissioner. Harry W. Alexander and Gladys B. Alexander v. Commissioner.
Bartholomew v. Commissioner
Docket Nos. 16918, 16919, 16920, 16929.
United States Tax Court
1951 Tax Ct. Memo LEXIS 92; 10 T.C.M. (CCH) 957; T.C.M. (RIA) 51293; September 28, 1951
*92 Paul W. Lashly, Esq., for the petitioners. C. A. Ray, Esq., Rollin H. Transue, Esq., and John M. Morawski, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: These proceedings return to us by mandate of the United States Court of Appeals, Eighth Circuit, dated January 23, 1951, vacating our prior decisions of April 10, 1950 (Memorandum Findings of Fact and Opinion entered April 10, 1950 [9 TCM 302]). The mandate directs: "* * * It is now here Ordered and Adjudged by this Court that the decision or redetermination by said Tax Court of the deficiencies in suit be, and the same is hereby, vacated. "And it is further Ordered by this Court that this cause be, and it is hereby, remanded to the said Tax Court for a rehearing and determination, upon the present record, of the question whether or not R. Stuart Royer was a 'partner' of petitioners with respect to the Norfolk-Portsmouth project." We therefore proceed as directed by the mandate. The facts heretofore found are by reference adopted here. In addition we find on the same record as follows: Findings of Fact Petitioners and R. Stuart Royer in good faith *93 and acting with a business purpose intended to join together in the present conduct of the Norfolk-Portsmouth project. Royer was a partner of petitioners with respect to the Norfolk-Portsmouth project. Opinion In our prior Memorandum Findings of Fact and Opinion in these proceedings entered April 10, 1950 [9 TCM 302, we found that petitioners and R. Stuart Royer did not intend to join together for the purpose of carrying on the Norfolk-Portsmouth project as a joint venture. From this finding we concluded that the respondent correctly determined that the income from the Norfolk-Portsmouth project should be reported on the partnership return for 1944 on the cash receipts and disbursements basis of accounting used by the partnership, and entered decisions for the respondent. The Court of Appeals, Eighth Circuit, remanded, as noted above. In its opinion, Bartholomew v. Commissioner, 186 Fed. (2d) 315, the Court of Appeals said in part (at p. 319): "The situation which confronts us is this. There is a defect in the decision of the Tax Court in that it contains no specific finding that Royer was not a 'partner' of the petitioners with respect to the Norfolk-Portsmouth *94 project. That defect can be attributed to the fact that the petitioners in their petition for a redetermination of the deficiencies found by the Commissioner asserted that he had erred in including in the income of the partnership, income from a 'joint venture'. That was the issue specifically tendered by the petitioners for determination by the Tax Court and the issue determined by it. * * *
"We think that, while the determination of the Tax Court that Royer was not a 'joint adventurer' with respect to the Norfolk-Portsmouth project cannot be held to be erroneous, the findings in that regard are not adequate to support the conclusion that the petitioners are necessarily liable for the deficiencies determined by the Commissioner. * * *" Respondent contends that a finding that Royer was not a partner of petitioners with respect to the Norfolk-Portsmouth project is "the only one which could properly be made from the findings which this Court has previously made." However, we think the Court of Appeals answered this contention when it said in its opinion in these proceedings (at p. 319): "* * * We know of no reason, however, why Royer could not be a 'partner' unless he was *95 also a 'joint adventurer' with joint control, or why the fact that his relationship to Harland Bartholomew & Associates was confined to the Norfolk-Portsmouth project would prevent his being a 'partner' with respect to that work. There are, of course, many kinds of 'partnerships' and many kinds of 'partners', as Section 3797 (a) (2) indicates and as the Tax Court has recognized." In our previous opinion we defined a "joint venture", citing Chisholm v. Gilmer (C.A. 4, 1936), 81 Fed. (2d) 120, 124, as requiring, among other things, that each joint venturer "have a voice in its control and management", and stated, citing 48 C.J.S. 810, that in a joint venture "there is usually joint participation in the management and conduct of the enterprise, or there is the right of mutual control". We pointed out that Royer had no control over the Norfolk-Portsmouth project and concluded that a joint venture did not exist between Royer and petitioners. However, the Court of Appeals stated that lack of control, while a circumstance to be considered, "seems to have been unduly stressed by the Tax Court." Whatever the requirements as to control on the part of members of a joint venture, *96 unquestionably there are other forms of "partnership" within the meaning of section 3797 (a) (2), I.R.C., where lack of control on the part of one of the members is not fatal to the existence of such partnership. For example, as this Court stated in Theodore D. Stern, 15 T.C. 521, 527, cited by the Court of Appeals in these proceedings, "limited partners normally have no part in the control or management of the business". We think that in spite of Royer's lack of control over the Norfolk-Portsmouth project, the facts indicate that his relationship to petitioners was that of a partner within the categories provided by section 3797 (a) (2), not that of an employee or independent contractor, as contended by respondent. Though Royer contributed no capital, he contributed engineering services to the project and he was to share in the profits and losses by agreement with petitioners. The fact that the tax returns of the partnership did not list Royer as a partner we do not regard as crucial. Cf. Estate of R. L. Langer, 16 T.C. 41, 47 (on appeal, C.A., 9th Cir.). On careful reconsideration of the above and other facts here present, it is *97 our conclusion that petitioners and Royer "in good faith and acting with a business purpose intended to join together in the present conduct" of the Norfolk-Portsmouth project under the test of the existence of a partnership for tax purposes laid down by the Supreme Court in Commissioner v. Culbertson, 337 U.S. 733, and that Royer was a partner of petitioners with respect to that project, and we have so found. We accordingly conclude that petitioners' distributable income from such project should be included in the income of Harland Bartholomew & Associates on the basis of the accrual method of accounting employed in keeping the accounts of the Norfolk-Portsmouth project, as contended by petitioners, and that respondent erred in determining that the item of $23,000 here in question constituted income to petitioners in 1944. Since other adjustments in the deficiency notices were not contested by petitioners. Decisions will be entered under Rule 50.