OPINION. Bice, Judge: In determining the deficiencies for the taxable years, respondent taxed all of the partnership income to the petitioner. He contends that petitioner and the trustee were not real partners in the conduct of the business during any of the taxable years. His position is that “petitioner as grantor of the trust retained directly or indirectly the benefits and control over the trust corpus and the income therefrom, and that the arrangement made by the petitioner, although through formal instruments, amounts to no more than a reallocation of the income from Louis-White Motors within the family group, consequently Harry W. Parkin was not a partner with the petitioner in the conduct of the business during any of the taxable years in question.” We are unable to agree with respondent that petitioner as grantor of the trust retained dominion and control over trust corpus and income. Our analysis of the trust agreement shows that full and complete powers of management and control were vested in the trustee, and we have so found. The trust indenture is specific in its prohibition against the use of trust corpus or income for petitioner’s benefit, the benefit of his family, or the satisfaction of any of his legal obligations ; and the facts show that no part of the corpus or income was so used. The record and our findings establish that petitioner and Harry W. Parkin were business acquaintances with no other relationship existing between them at the time Parkin consented to serve as trustee. The trustee’s active participation in the operation of the partnership, and his management and investment of trust corpus and income during and after the taxable years demonstrate the complete dominion and control exercised by him in his fiduciary capacity. Instead of being subservient to petitioner’s wishes, the record and our findings show that he actively and successfully opposed petitioner on partnership matters and operations on more than one occasion. He secured credit for the business, which petitioner had been unable to obtain as a sole proprietor; he made suggestions for the expansion of the partnership business which were adopted and carried out by the partners; and through his business contacts, Parkin, as trustee, secured agency contracts for various automobile accessories for Louis-White Motors which increased the partnership’s volume of business. These activities by the trustee, together with his participation in policy-making discussions with petitioner and with third parties, convince us that the fiduciary fully and capably discharged his duties without any dominion or control being exercised over him by the petitioner. Nor can we agree with respondent that petitioner and Harry W. Parkin, as trustee, were not real partners. This Court and the respondent have recognized that trusts can be members of a partnership. Theodore D. Stern, 15 T. C. 521 (1950); Ethel Holmshaw Fickert, 15 T. C. 344 (1950); Isaac W. Frank Trust of 1927, 44 B. T. A. 934 (1941); Charles E. Ives, 29 B. T. A. 822 (1934); Richard E. Oakley, 24 B. T. A. 1082 (1931); and M. A. Reel, 8 B. T. A. 759 (1927). The reality of a partnership composed of individuals and trusts has been recognized in Maiatico v. Commissioner (C. A. D. C., 1950), 183 F. 2d 836; Greehberger v. Commissioner (C. A. 7, 1949), 177 F. 2d 990; Thompson v. Riggs (C. A. 8, 1949), 175 F. 2d 81; and the definition of a partnership in section 3797 (a) (2), I. K. C., has been used to cover situations where trusts were members of a partnership as there defined. Theodore D. Stern, supra. The trust created by petitioner was a real entity. It was as much a partner in the enterprise as the other co-partner. It retained its distributive share of partnership income and used the income for trust purposes. Tested by each of the factors prescribed in Commissioner v. Culbertson, 337 U. S. 733 (1949), we come inevitably to the conclusion that the petitioner and the trustee in good faith and acting with a business purpose intended to j oin together in the present conduct of the enterprise. In so holding, we have carefully considered our decision in Herman Feldman, 14 T. C. 17 (1950), affd. (C. A. 4, 1950) 186 F. 2d 87, and the factors there weighed in determining that a trust for the taxpayer’s minor son was not a true partner in a partnership composed of the taxpayer and his brothers. In that case, we were unable to find an intent that the trust was to be a bona fide partner in carrying on the business. Here, we have found that the trust was intended to be a bona fide partner, that the trustee brought credit facilities and business contacts theretofore unavailable to the business, that the trustee assisted in formulating the policies for the business, and that the trustee actively participated in the conduct of the business. What we have said with respect to the taxability of the income of Louis-White Motors is equally true with respect to the taxability of the income of L-W' Sales Company. Weighed by any test, the L-W Sales Company was a valid partnership, created for a business purpose by partners who intended to join together in the present conduct of a business enterprise. Decision will be entered under Bule 50.