EDWARD D. SULTAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

OLGA L. SULTAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 24513, 24514.   Promulgated July 3, 1952.

*Milton Cades, Esq.*, and *Urban E. Wild, Esq.*, for the petitioners.
*Robert G. Harless, Esq.*, for the respondent.

718

720

## OPINION.

ARUNDELL, *Judge:* The principal issue in these proceedings is whether the partnership organized under the name of "Edward D. Sultan Co." is to be recognized as a valid partnership and the income derived from its operations to be treated as the distributive income of the persons who were named in the partnership agreement as partners. The respondent, in his determination of deficiencies, has refused to recognize the trust as a partner and has advised the petitioner Edward D. Sultan that the income received and reported by the trust is taxable to him.

The proceedings have been argued by both sides on two questions: (1) Should the trust be recognized as a bona fide partner; (2) whether the doctrine of the *Clifford* case* supports taxation of the trust income to the settlor of the trust.

### *The Partnership Question.*

The question of whether a "family partnership is real for income-tax purposes depends upon 'whether the partners really and truly intended to join together for the purpose of carrying on the business and sharing in the profits and losses or both. And their intention in this respect is a question of fact * * *.'" *Commissioner* v. *Culbertson,* 337 U. S. 733. In the *Culbertson* case, the Court also said that the question of recognition of family partnerships depends upon whether "the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise."

The evidence in these proceedings establishes to our satisfaction that the parties to the original partnership agreement really and truly intended to join together for the purpose of carrying on the business that had theretofore been conducted by Edward D. Sultan as a sole proprietorship. The respondent, in taxing the partnership income to the petitioners, places stress on the control over the business that was in Edward D. Sultan. We had before us a similar situation in the case of *Theodore D. Stern,* 15 T. C. 521. In that case, the taxpayer owned the majority of the shares of a corporation. He transferred some of his shares to four trusts for the benefit of his wife and three children, dissolved the corporation, and continued the business in partnership form, in which partnership the taxpayer was the general partner and the four trusts were limited partners. It was found as a fact in that case that the taxpayer "chose to use trusts rather than transfer the interests directly to his wife and children so that he

---

*Helvering* v. *Clifford,* 309 U. S. 331.

could retain control over the business \* \* \*." In that case, we had the questions of whether the taxpayer had made completed gifts of the stock and whether the trusts should be recognized as partners in the business of the taxpayer. Both were resolved in favor of the taxpayer. On the essential facts, there is little to distinguish these proceedings from the *Stern* case. In that case the taxpayer was the trustee of the trusts that he created. Here, we have independent trustees, and there is evidence that the corporate trustee was well aware of its independence and insisted on having distributed to it the portion of partnership earnings to which it was entitled under the partnership agreement. On the matter of control of the business, which remained in the settlor both in the *Stern* case and in these cases, we said in the *Stern* case:

He retained entire control in himself but that is of no particular significance since limited partners normally have no part in the control or management of the business.

The above language was quoted with approval in the case of *Bartholomew* v. *Commissioner*, 186 F. 2d 315, 318.

We further said in the *Stern* case that:

A substantial economic change took place in which the petitioner gave up, and the beneficiaries indirectly acquired an interest in, the business. There was real intent to carry on the business as partners. The distributive shares of partnership income belonging to the trust did not benefit the petitioner.

Upon appraisal of all of the evidence in these proceedings, it is our conclusion that the trust created by the petitioner Edward D. Sultan in 1941 should be recognized as a partner in the conduct of the business and that its distributive share of the partnership income was not income of the petitioners. The factual question, as we have said, is one of intention of the parties, and this is to be resolved "from testimony disclosed by their 'agreement, considered as a whole, and by their conduct in execution of its provisions.'" *Commissioner* v. *Culbertson, supra.* There cannot be any serious question as to the validity of the agreements in this case. Both the trust agreement and the partnership agreement were reduced to writing. The partnership agreement clearly makes the trust a "special partner" which, as we understand it, is the same, in law, as a limited partner in the States in the United States. The conduct of the parties in execution of their agreement establishes the genuineness of their intention to form a partnership. The profits of the business no longer belonged to the petitioner Edward D. Sultan. The special partner had a right to a portion of the profits and it received its portion and paid the taxes due thereon.

Both parties cite numerous cases in support of their positions. The Supreme Court has advised that family partnership cases are essentially factual. As such, previously decided cases are not particularly helpful. But a few may be mentioned for their background facts and as a help in pointing up the reasons for the conclusion we have reached in these proceedings. In most of the cases cited by the respondent, the settlors of the trusts were the trustees and had a substantial degree of control. *Losh* v. *Commissioner*, 145 F. 2d 456; *Hash* v. *Commissioner*, 152 F. 2d 722; *Eisenberg* v. *Commissioner*, 161 F. 2d 506. In the case of *Russell Giffen*, 14 T. C. 1272, affd. 190 F. 2d 188, the assets placed in trust were so heavily burdened with debt that it was obvious that the beneficiaries would receive no benefit from the trust for a long period of time. By way of contrast, in these proceedings the petitioner Edward D. Sultan definitely and irrevocably parted with a substantial portion of his business, and the income produced by that portion was no longer his. That income went to the trust company which was charged with holding and safeguarding the trust moneys and securities.

We conclude, as shown by our findings of fact, that the trust was a bona fide partner and that its income should not be taxed to the petitioners.

### The "Clifford" Case.

In the *Clifford* case, trust income was taxed to the settlor because of the "bundle of rights which he retained." In many succeeding cases, it has been pointed out that some of the basic considerations in that case were the short term of the trust, the fact of the settlor being the trustee, the broad discretion in the settlor-trustee as to the determination of the income to be distributed, and the reversion of the corpus to the settlor. Here, the trust was to endure until the beneficiary who was then 13 years old attained the age of 30 years—in a period of 17 years. The settlor in these cases was not the trustee. The settlor, Edward D. Sultan, carefully selected others as trustees, and the evidence clearly establishes that the corporate trustee stood firm in its duty of protecting the beneficiary. It was insistent on having actual distribution made as soon as possible. It invested the moneys distributed to it, and at the time of the latest accounting it had a corpus in the amount of $242,497.33. In these cases there was no possibility of reversion to the settlor. None of the property or income of the trust estate under the terms of the instrument could ever be paid to the settlor. The factual differences between the trust in these cases and that in the *Clifford* case are so wide as to obviate the need for any extended discussion. We hold that the decision in the *Clifford* case has no application to these cases.

Neither party raises the question of whether a trust can be a member of a partnership. Perhaps this is because we have heretofore decided that a trust can be recognized as a partner for tax purposes. *Theodore D. Stern, supra; Louis R. Eisenmann,* 17 T. C. 1426.

We conclude that the respondent erred in including in the income of the petitioners the distributive share of partnership income of the Edward D. Sultan trust.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

OPPER, *J.,* dissenting: By definition the aspect of services has been eliminated in this case from the series of tests described in *Culbertson.*[1] That is because a limited partner is involved only to the extent of the property committed to the venture. *Theodore D. Stern,* 15 T. C. 521. But if we are to look only to the property we should, it seems to me, at least be satisfied that the usual attributes of ownership inhere in its putative owner. Cf. *Helvering v. Clifford,* 309 U. S. 331. Here the trust was compelled to use the alleged gift to acquire an "interest" in the business; had no control of the property; could not sell or dispose of it; could not freely withdraw profits; was confined to its investment in the partnership business; and compelled to retain that investment unless the will of the general partners, including petitioner, permitted otherwise.

As we said in *Ralph C. Hitchcock,* 12 T. C. 22, 30, 31: "These documents, taken in their entirety, negative any suggestion that the petitioner, as donor, intended to absolutely and irrevocably divest himself of the dominion and control of the subject matter of his purported gifts. * * * This is not a case where the children were at liberty at any time to withdraw or assign their interests in the business or where they possessed an unqualified right to receive their full share of each year's earnings." This can scarcely be termed true ownership and eliminates the only basis on which the trust's participation in the partnership can be justified under the *Culbertson* tests. We have never gone so far, even in the *Stern* case, and I think we should not do so now. See *Losh v. Commissioner* (C. A. 10), 145 F. 2d 456; *Feldman v. Commissioner* (C. A. 4), 186 F. 2d 87.

HILL, HARRON, LEMIRE, and RAUM, *JJ.,* agree with this dissent.

---

[1] " * * * The question is * * * whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * *" *Commissioner v. Culbertson,* 337 U. S. 733, 742.