OPINION. Black, Judge: Certain minor issues raised by the pleadings have been settled by stipulation. The only issue which remains pertains to the validity of the partnership described in our Findings of Fact. The respondent determined that each petitioner and E. M. Ford owned a 25 per cent interest in tbe partnership Forcum-James during 1942 and 1943. It. M. Ford is not a petitioner before us. Petitioners allege that the partnership was a bona fide legal partnership and was composed of the partners named in our Findings of Fact and with percentage interests named therein. We have given the details of this partnership agreement and the surrounding circumstances attending its formation in our Findings of Fact and it is not necessary to repeat them here. We have found that the petitioners and other partners entered into a partnership agreement with bona fide intent and a business purpose to conduct the Forcum-James Construction Company as a general partnership. Having considered all the facts and evidence, we hold the respondent’s determination was error. The question of whether a family partnership is real for income tax purposes depends upon “whether the partners really and truly intended to join together for the purpose of carrying on the business and sharing in the profits and losses or both. And their intention in this respect is a question of fact.” Commissioner v. Culbertson, 337 U. S. 733. In the Culbertson case the Court also said: The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case, but whether, considering all the facts — the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent— the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise. * * * The gist of the respondent’s argument is that the alleged partnership was invalid because the new partners performed no important and necessary services, and skill, know-how, and contacts were important to the partnership’s success. However, capital was a material, important, and necessary element for success in the Forcum-James contracting business. Without adequate capital there could have been no profits. The testimony shows that this was a hazardous business involving large risks and considerable amounts of money. The fact that capital contributions were gifts is not controlling, if the gifts were absolute and unconditional as they were here. Commissioner v. Culbertson, supra. The new partners risked their capital gifts and their entire separate estates by becoming partners. Moreover, the petitioners did not benefit from nor retain dominion or control of the new partners’ investments or income in the partnership. The original partners and the new partners entered into the partnership agreement with bona fide intent and a business purpose of risking their capital in this partnership. We hold that the partnership in question was bona fide, valid, and legal. We think that our holding that the partnership here in question was a valid and legal partnership as contended by petitioners under the doctrine laid down by the Supreme Court in the Culbertson case, supra, is in harmony with our decisions in Theodore D. Stern, 15 T. C. 521; Louis R. Eisenmann, 17 T. C. 1426; Edward D. Sultan, 18 T. C. 715, and Thomas E. Brodhead, 18 T. C. 726. In an earlier decision this Court held that this particular partnership involving the same petitioners was invalid for tax purposes for the year 1941. Wade E. Moore, 7 T. C. 1250, 1261-1269, appeal dismissed because of compromise and settlement (August 15, 1949), 176 F. 2d 311. Respondent does not contend that this earlier decision is res judicata for the instant case. Our earlier decision was promulgated on November 29, 1946, relying on Commissioner v. Tower, 327 U. S. 280. Subsequently, on June 27, 1949, the Supreme Court discussed the meaning of the Tower case in Commissioner v. Culbertson, supra. The result of that discussion was to clarify in some important particulars the meaning of the Tower case. Therefore, in the light of the evidence received in these consolidated proceedings at the hearing and the Supreme Court’s decision in the Culbertson case we do not feel bound by our earlier decision. We think Commissioner v. Culbertson is controlling here. Reviewed by the Court. Decisions will be entered wider Rule SO.