OPINION. Johnson, Judge: The first issue we shall consider is whether there was a partnership, which can be recognized for Federal income tax purposes, between petitioner, his wife, and the two trusts. It is petitioner’s contention that such a partnership did exist. On the other hand, respondent has determined that neither petitioner’s wife nor the two trusts were partners. The parties agreed that Edward J. Miller was a partner from February 1,1944, to February 1,1946. One of the questions which always arises where there is a business reorganization of the kind before us is whether there was a business purpose in the change. There is undisputed evidence that there was a business purpose in the change. The corporation, Denton & Company, and its successor in name, Harvey’s, Inc., needed to improve its credit rating. When petitioner discussed this matter with his accountant it was decided that the credit rating could be improved if a partnership were formed. With the approval of the business creditors, the partnership agreement of May 1,1943, was executed by petitioner and his wife. By this agreement petitioner and his wife agreed to be partners in the business known as The Harvey Co. In the same instrument it was stated that he “has given, transferred and assigned to his wife” a one-tenth interest and “will give to each of his two children” a one-tenth interest in the business by establishing trusts for them. Petitioner and his wife also agreed that the profits and losses of the business would be shared in the ratio of their interests, that is, seven-tenths for petitioner, one-tenth for his wife, and one-tenth for each of the trusts. In addition to this written agreement there is other evidence which supports petitioner’s contention that his wife was a partner. The evidence indicates that Dorothea S. Harvey was experienced in department store work. She contributed services to the business from the time it was first operated as a corporation and continued to render services to the business during the time before us. While she could not be classified as a regular employee or executive, her work in advertising and management adequately supports a finding that she contributed services to the business in the years before us. We also believe that petitioner has shown that his wife received money from independent sources and that some of this money helped petitioner in purchasing the corporate stock and in financing the business during the first years of its operation. The business books were kept on. a partnership basis and Dorothea S. Harvey’s capital account was credited with her share of the net profits of the business. She paid income tax on this gain. The validity of her interest in the business as a partner was also evidenced by the fact that she received in exchange for her interest in the partnership 10 per cent of the capital stock in the corporation which was formed on February 1, 1946, to take over the partnership. Even though her interest was originally a gift, the capital represented by this gift was used in the business. And since capital was an important element in the business, her capital and her services contributed to the success of the business. Again^ the fact that she was known to be a partner by credit organizations, such as Dun & Bradstreet, indicates that her interest in the business was a matter of public knowledge. From the record we find and hold that petitioner and Dorothea S. Harvey, acting in good faith and with a business purpose, intended to join together as partners in the conduct of the business from May 1, 1943, to February 1, 1946. Up to this point we have only considered petitioner’s wife. However, petitioner also contends that the trusts for his son and daughter were also partners in the business. It is respondent’s position that the children’s interests should not be recognized as partners. It has been held in prior cases that trusts can be valid partners for Federal income tax purposes. Theodore D. Stern, 15 T. C. 521, 527. On May 2, 1943, by a written agreement petitioner assigned a one-tenth interest in the business to James M. Todd in trust for his son and another like interest for his daughter. By subsequent amendments to the trust agreement petitioner increased the interest of his son’s trust to 20 per cent. Gift tax returns were filed and gift taxes were paid for these gifts. The partnership agreement of May 1, 1943, executed by petitioner and his wife, was amended effective for February 1,1944, and February 1,1945, to account for the changes in the business interests. The amendments to the partnership agreement were executed by petitioner, his wife, and James M. Todd, as trustee, and Edward J. Miller. It should be pointed out that the trustee did not execute the May 1,1943, partnership agreement which was executed by petitioner and his wife. The partnership agreement of May 1, 1943, did not specifically call the trusts, the trustee, or the children, partners. It did provide, however, that the interests of the children would be subject to all claims of business creditors and further provided that James M. Todd, trustee for the children, would participate in two-tenths of the business profits or losses. In determining whether the trusts were partners in the business for tax purposes we must look to the activities of the trustee and the extent of the grantor’s control over the trusts. James M. Todd, the trustee, was an employee of the corporation, Denton & Company, and Harvey’s, Inc. The Harvey Co., the partnership, continued him in its employment. While there is evidence that he held a responsible position in the partnership, the evidence only supports a finding that he acted as an employee. There is no showing that Todd, the trustee, participated in the business as a representative of a partnership interest. In this respect the present case differs from such cases as Louis R. Eisenmann, 17 T. C. 1426; Edward D. Sultan, 18 T. C. 715, affd. (C. A. 9, 1954) 210 F. 2d 652; Thomas H. Brodhead, 18 T. C. 726, affd. (C. A. 9, 1954) 210 F. 2d 652; and Clarence B. Ford, 19 T. C. 200, where there were independent trustees well aware of their independence and responsibilities as fiduciaries. In the present case Todd as trustee could not even execute trust papers unless petitioner had given his written approval. When we consider the control petitioner as grantor exercised over the trusts, it is apparent that he retained control over the business as if the trusts were nonexistent. First, petitioner reserved the full power to remove any trustee and to appoint his successor; there is no restriction to the appointment of the petitioner himself as a trustee. The beneficiaries were not entitled to any current income; it was to be left in the business “to create for * * * [the beneficiaries] an estate which will increase with each year.” In fact the beneficiaries were specifically prohibited from the use of the corpus or income for any purpose; however, the trust interests were subject to the claims of all business creditors, and the petitioner could pledge the trust interests for any business purpose. The petitioner could also authorize and direct the sale of the trust interests and the disposition of the funds received from such a sale. While the trusts were to terminate when the children were 30 years old, or within 10 years thereafter, there is no provision for the disposition of the trust interests at the termination of the trusts. The trusts were not irrevocable. All of these facts show petitioner’s real control over the trusts. The inactivity of the trustee in the business as a partner, together with petitioner’s retention of the incidents of ownership, forces us to conclude that the trusts were not partners in the business for Federal tax purposes. J. W. Boyt, 18 T. C. 1057, affd. (C. A. 8, 1954) 209 F. 2d 839; William D. West, 19 T. C. 808. It might be argued that the trusts contributed capital to a business where capital was essential for the production of income; however, it should be remembered that the trusts did not contribute any original capital. The same argument was raised by the taxpayer in Feldman v. Commissioner, 186 F. 2d 87, affirming 14 T. C. 17. There, on page 91, the court considered the agreement and concluded “that the trust’s ownership of gift capital is not a contribution sufficient to offset the inferences to be drawn from the failure to contribute original capital or vital managerial services.” The same conclusion is proper here. The respondent is sustained in his determination that the trusts were not partners. Since we have determined that the trusts were not partners, it is not necessary to discuss the applicability of Helvering v. Clifford, 309 U. S. 331, to the present facts. Nor do we know of any reason which would require us to discuss the matter of estoppel as raised by petitioner, for in this case the validity of the gifts to the trusts did not control the determination that the trusts were not partners for Federal tax purposes. Decision will be entered under Rule 50.