UNION PLANTERS NAT. BANK & TRUST CO. *v.* BEELER,
ATTORNEY-GENERAL ET AL.

*(Nashville,* December Term, 1937.)

Opinion filed Jan. 15, 1938.

ARMSTRONG, MCCADDEN, ALLEN, BRADEN & GOODMAN, and JOHN B. SNOWDEN, II, all of Memphis, for appellants.

ROY H. BEELER, Attorney-General, EDWIN F. HUNT, and DUDLEY PORTER, JR., Assistant Attorneys-General, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainant, as administrator of Jno. R. Collins, deceased, a resident of this state, received income from shares of stock belonging to the estate in the year 1935, taxable under the Hall Income Tax Law, chapter 20, Public Acts Second Extra Session of 1931. Because beneficiaries of the estate are nonresidents, it was insisted that the income was not taxable. The bill was filed under the Declaratory Judgments Act to determine whether the income from such stocks in the hands of the administrator is taxable under the act.

Mrs. Belle Rosenthal, executrix of the estate of her husband, Mitchell S. Rosenthal, and administratrix of the estate of her son, Mitchell H. Rosenthal, received taxable income on stocks and bonds in 1935, but insists that the income is not taxable against her as the personal representative of the two estates. She became a party by intervening petition and joined complainant in the prayer for a declaratory decree.

The defendants, representing the State, answered the bill. The pleadings present the question of whether the act referred to (1) imposed the tax upon taxable incomes received by Mrs. Rosenthal, the resident beneficiary and personal representative of the decedents; (2) whether the administrator of the Collins estate is relieved of the tax because the beneficiaries are nonresidents.

The chancellor was of the opinion that the statute levied no tax upon incomes derived from the stocks and bonds in the hands of the complainants, and accordingly decreed. The defendants appealed and assigned errors which present the questions indicated by our statement of issues before the chancellor.

By chapter 20, Public Acts Second Extra Session of 1931, an income tax of 5 per cent. per annum is levied on incomes derived by way of dividends from stocks or by way of interest on bonds, of each person, partnership, association, trust, and corporation, who received or to whom accrued or to whom was credited during any year income from the source above enumerated, except as hereinafter provided. No subsequent provision of the act excludes from taxation incomes derived from stocks and bonds of resident decedents' estates in the hands of administrators and executors. The act broadly expressed the purpose of the Legislature to withdraw stocks and bonds from *ad valorem* taxation under chapter 602, Public Acts of 1907, and subject them to an income tax. *Shields* v. *Williams,* 159 Tenn., 349, 19 S. W. (2d), 261. By general terms, the levy was made by reference to the income received, and includes all taxable incomes received whether by individuals or persons in their representative capacity. Rules of statutory construction forbid an interpretation that would exclude, by inference, a taxable class, for instance, administrators and executors, from taxation. Such a construction would defeat not only the broad purposes expressed by the act, but would render the act discriminatory and for that reason void. The administrator and executor occupy the position of the decedents in their relation to the personal estate. Their appointment operated to vest in them, for the time being, the decedent's title to the general personal estate in which the distributees could have no specific interest. They are only entitled to the residue of the general estate after the personal representative has reduced it to money and has paid the decedent's debts. *Sneed* v. *Hooper,* 3

Tenn. (1 Cooke), 200, 5 Am. Dec., 691; *Brown* v. *Bibb*, 42 Tenn. (2 Cold.), 434; *Hadley* v. *Kendrick*, 78 Tenn. (10 Lea), 525, 529. Having only an inchoate right in the surplus assets of the estate, the heirs, whether resident or nonresident, are not subject to the tax upon the income from securities belonging to the personal representative; and it would follow as a matter of course that the distributee, whether resident or nonresident, could claim no exemption for taxable securities belonging to. the administrator or executor.

We find no suggestion that incomes received by administrators and executors are not taxable in the cases of *Bank of Commerce & Trust Co.* v. *McCabe,* 164 Tenn., 591, 51 S. W. (2d), 850, and *Ross* v. *McCabe,* 166 Tenn., 314, 61 S. W. (2d), 479, which are relied on by the complainant and the intervener.

In *Bank of Commerce & Trust Co.* v. *McCabe, supra,* the nonresident beneficiaries of a resident trustee denied liability for the tax and the court ruled that nonresident beneficiaries receiving incomes from resident trustees and guardians were not subject to the tax for the reason that such incomes were received by persons in another state. Chapter 86, Public Acts of 1929, was accordingly amended by section 14 of chapter 20, of the Public Acts. of 1931, (2d) Ex. Sess.

In *Ross* v. *McCabe, supra,* the resident beneficiary of taxable securities in custody of the nonresident trustee resisted payment of the tax. The court held taxable the income derived from taxable stocks and bonds paid to a resident by a nonresident trustee.

The statement, in section 3 of the act of 1931, that the word "person" should include every natural person, partnership, joint-stock company, business trust,

corporation or other form of organization in receipt of taxable income, conveys no implication of an intent to exclude executors and administrators. The general purpose expressed by the act implies a contrary intention and excludes the inference of an intent to narrow the scope of the legislation.

For the reason stated, we are constrained to reverse the decree of the chancellor and direct that a declaratory decree be entered in conformity with this opinion.