EDNA C. GUTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 107985, 108938. Promulgated December 29, 1942.

*Isidor Sack, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the respondent.

## OPINION.

DISNEY, *Judge:* We have here to decide whether under the facts herein involved the beneficiary of a trust, entitled under its terms to the trust income, may deduct depreciation upon property owned by the trust. The parties are in agreement that the amount deducted by the petitioner is reasonable depreciation, and only the right to deduct is in dispute. The peculiar facts involved are that, though the trustee in the taxable years collected certain rents, such income was from real estate which it had acquired as a result of, or in lieu of, mortgage foreclosures; and the trustee made no distribution of the rents collected because of fear of surcharge under certain decisions of the courts of New York, the situs of the property. The effect of the decisions is that real property acquired upon foreclosure of mortgage is the subject of a "mortgage salvage operation," that income during such operation is, until the property is finally sold, to be added to proceeds of sale, and the total apportioned between trust principal and income beneficiary. *In re Chapal's Will*, 269 N. Y. 464; 199 N. E. 762; *In re Otis' Will*, 276 N. Y. 101; 11 N. E. (2d) 556. The properties not having been disposed of, and such proportion, therefore, not having been ascertained, the trustee in the instant case made no distribution of income from the property to the petitioner during the taxable years.

The statute, section 23 (1), Revenue Acts of 1936 and 1938,[1] provides that in the absence, as here, of pertinent provisions in the trust instru-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\*       \*       \*       \*       \*       \*       \*

(1) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property

ment, the allowable deduction for depreciation shall be apportioned between income beneficiaries and trustee "on the basis of the trust income allocable to each." The respondent contends that under the above facts there was no trust income allocable to the beneficiary-petitioner, therefore no deductible depreciation. The petitioner takes the view that the net rents were not currently distributable, that there was no "trust income" to allocate prior to ascertainment thereof at the end of the "mortgage salvage operation" under the decisions of the courts of New York, but that under the statute the depreciation deduction is apportioned between trustee and beneficiary "in accordance with the pertinent provisions of the instrument creating the trust," that the right to depreciation depends upon the trust instrument alone, that the instrument provides no withholding by the trustee of depreciation from income, and that, the income belonging ultimately to the beneficiary, though delayed, the beneficiary has the right to deduct depreciation.

No provision in the trust instrument before us provides apportionment of the depreciation deduction between beneficiary and trustee. The same was true in *Sue Carol*, 30 B. T. A. 443. Therein the trust instrument made no provision that the trustee deduct depreciation and the entire income was payable to the beneficiary. In the taxable year no income from the trust property was paid to the beneficiary. We held, nevertheless, after reviewing the history of the statute, that the petitioner, being the sole beneficiary of the trust, was entitled to the entire depreciation. Here also the petitioner-beneficiary received no income from the trust property. Yet, as in the *Sue Carol* case, she was, under the terms of the trust instrument, entitled to it, and therefore under that case, in general, entitled to the depreciation; and we do not find, in the situation here with respect to withholding of income by the trustee, because of fear of surcharge under the New York decisions, sound reason for distinguishing the *Sue Carol* case, or denying such depreciation. There was income from the property. The amount eventually payable to the beneficiary was not yet determinable, because of its source in mortgaged property taken over by the trustee; nevertheless, no one but the beneficiary was, under the *Sue Carol* case, entitled to deduct depreciation. The will provided no "trust income allocable" to the trustee; all was to go to the beneficiary. Subject to final determination of the amount, the petitioner as beneficiary had a right to all income. Even if there was none, as finally determined, yet she was, in our opinion, entitled to the depreciation

---

and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or in the absence of such provisions, on the basis of the trust income allocable to each.

under the *Sue Carol* case. We there quoted the Senate Finance Committee Report upon this subject as follows:

In the case of life tenant and remainderman the bill provides that the deductions should be imposed as in the case of a fee owner and shall be allowed to the life tenant during the time he holds the property and to the remainderman thereafter.

In the case of property held in trust the deduction is to be given to the beneficiary unless his share of the distributable income is reduced because of the depreciation of the trust property, in which case, and to the extent that it is so reduced, the deduction shall be allowed to the trustee.

And, commenting thereon, we said:

From the legislative history above set forth, it is clear that Congress intended to grant to both life tenants and beneficiaries under trust instruments the same privilege of deducting the depreciation allowance as that enjoyed by any other individual. * * * [30 B. T. A. 447.]

In other words, the beneficiary, like "any other individual," is entitled to depreciation in accordance with his beneficial ownership. To the extent that he is entitled to income, he is to be considered the equitable owner of the property. Of course, if such equitable interest is cut down by a provision that the trustee may deduct because of depreciation in paying over the income, it is obvious that the beneficiary has a lesser equitable interest, but, in the absence of such a provision, the petitioner here is to be regarded as the equitable owner of the estate. As such, she is entitled to deduct depreciation only if, as we said in the *Sue Carol* case, she is to have "the same privilege of deducting the depreciation allowance as that enjoyed by any other individual." The fact that she does not actually receive the rents from the property because of fear of surcharge by the trustee, or even the fact that she may not be entitled to receive them until some later time, under the New York decisions, does not divest her of the equitable interest which she, and not the trustee, was given by the trust instrument. It is as if she held equitable interest, but that under some lease rent for the taxable year was not to be paid, for example, until the end of a five-year period. She would, none the less, be the owner of the equitable interest and entitled to deduct the depreciation as such owner, just as any other owner of property, including the holder of a life estate, would be entitled to do.

The effect of the New York decisions is not to cut down the beneficiary's equitable interest, for she is entitled to the income of the property, undiminished by any interest on the part of the trustee to retain therefrom because of depreciation. Such decisions merely cause the impounding of rents from the property until some later time, and a possible diminution in the amount of the beneficiary's income out of such rents, for the reason that the result of the "mortgage salvage operation," may be to place some of such rents in the

category of trust corpus as opposed to income. In other words, in such a case the amount of trust income payable to the beneficiary during the taxable year is contingent. Nevertheless, the amount thereof, when the contingency is finally resolved by the completion of the mortgage salvage operation, is all payable to the beneficiary as the complete equitable owner of the right to "income" from the property. In short, no trust income is allocable to the trustee. The mortgage salvage operation under the New York law merely protects the trust corpus. All trust income, either under the trust instrument or under the state decisions, is, in our opinion, allocable to the beneficiary, the petitioner, and we conclude that the Commissioner erred in denying her the right to depreciation.

The respondent, in amendments to answers, filed at the time of hearing, contends in the alternative that if we hold the petitioner entitled to the deduction for depreciation there is then to be included in her gross income the income from the trust properties. The respondent does not brief the point, other than to say that it follows as a matter of course, upon the reasoning that deduction for depreciation follows the income. We do not agree. Depreciation is allowed by one section, section 23 (1) of the Revenue Acts of 1936 and 1938. Taxability of income to the petitioner falls under section 161 (a) (2) and section 162 (b) of the same acts, providing taxation of income currently distributable to the beneficiary. Under the law of New York, it was not so currently distributable, for the amount of trust income could not be known until the end of the "mortgage salvage operation." To charge the petitioner with income in the amount of rents which she did not receive, and might never receive, at the end of the mortgage salvage operation, would violate the realism in the law of taxation of income.

*Decision of no deficiency will be entered.*