### COMMISSIONER OF INTERNAL REVENUE v. GUTMAN.

### No. 343.

Circuit Court of Appeals, Second Circuit.

May 26, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Helen Goodner, all of Washington, D. C., for petitioner.

Isidor Sack, of New York City, for respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. The Commissioner relies upon In re Chapal's Will, 269 N.Y. 464, 199 N.E. 762, 103 A.L.R. 1268 and In re Otis, 276 N.Y. 101, 11 N.E.2d 556, 115 A.L.R. 875, which we recently discussed in Johnston v. Helvering, 2 Cir., 141 F.2d 208. The Commissioner argues that this case is like one in which trustee has discretion to withhold income from a life beneficiary and thereby to make the withheld income part of the corpus. But here, although the trustees were obliged, under the New York decisions, not to pay the income from the properties until the "mortgage salvage operations" were completed, nevertheless that income was allocable in the taxable years to the taxpayer, for it could never become part of the corpus, be allocable to anyone other than the taxpayer. She was, therefore, entitled to deduct the depreciation from her gross income in the taxable years 1936 and 1938.

■ 2. The Commissioner argues, in the alternative, that, if that be so, then she must be taxed in those years on the withheld income. Surely not. We agree with the Tax Court which said: "Depreciation is allowed by one section, section 23(l), of the Revenue Acts of 1936 and 1938. Taxability of income to the petitioner falls under section 161(a) (2) and section 162 (b) of the same acts, providing taxation of income currently distributable to the bene-

ficiary. Under the law of New York, it was not so currently distributable, for the amount of trust income could not be known until the end of the 'mortgage salvage operation.'" 1 T.C. 365.

Affirmed.