ETHEL HOLMSHAW FICKERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KATHARINE HOLMSHAW CASEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18878, 18883.   Promulgated September 29, 1950.

*Joseph L. Seligman, Jr., Esq.*, for the petitioners.
*Charles W. Nyquist, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income and victory tax as follows:

|  | 1943 | 1944 |
|---|---|---|
| Ethel Florence Holmshaw Fickert | $532.10 | $712.18 |
| Katharine Holmshaw Casey | 1,259.50 | 713.72 |

The two petitioners and their brother are equal life beneficiaries of a trust created under their father's will. The trust was an equal partner with the petitioners' mother in the operation of an automobile supply and accessory business which had been operated by the father and in which the mother had a one-half interest under the community property laws of Nevada. The trust, under section 182, was required to include in its net income one-half of the net income of the partnership. The partnership was on an accrual basis. The amount actually distributed to the trust in 1943 and 1944 was somewhat less than the trust's distributive share of the partnership income for those years. The principal issue for decision is whether the excess of the trust's distributive share of the net income of the partnership for each year over the amount actually received by the trust from the partnership for that year should be included in computing the amount of currently distributable trust income to be taxed to the petitioners under section 162 (b). The facts have been stipulated and the stipulation of facts, excluding a portion which, at the hearing, was held to be incompetent and immaterial, is adopted as the findings of fact.

The petitioners filed their individual returns with the collector of internal revenue for the first district of California. They were filed on a cash and calendar year basis.

Their father, Harry F. Holmshaw, died testate, a resident of Nevada, on February 8, 1940. He was survived by his widow, Alma M. Holmshaw, and their three children—the petitioners and their brother. The father's will was admitted to probate in Nevada. It provided that the residue of his estate be placed in trust with a bank, hereafter referred to as the trustee. Administration of the estate was completed in May 1941, at which time the trustee received stocks hav-

ing a book value of $4,425, other property having a book value of less than $500, and a one-half undivided interest in a business known as The Nevada Auto Supply Co., having a book value of $39,008.69.

The decedent, at the time of his death, was operating an automobile supply and accessory business in Reno, known as The Nevada Auto Supply Co. His interest in the business was community property and, on his death, an undivided one-half interest therein vested in his widow.

The decedent expressed a desire in his will that the auto supply business be continued under the same name for the benefit of his estate, his wife, and his children so long as it might be operated profitably. The widow and the trust were operating the business successfully as equal partners during the years here involved. There was no written partnership agreement.

The books of account of the partnership were kept upon an accrual and calendar year basis. The following table shows the trust's distributive share of the partnership's taxable net income and the amounts actually received by the trust from the partnership during the years involved herein:

|  | 1942 | 1943 | 1944 |
|---|---|---|---|
| Distributive share | $21,399.08 | $25,540.52 | $34,244.73 |
| Received | 22,000.00 | 23,500.00 | 30,000.00 |

The provision of the will in effect during the taxable years was that "each of my said children shall receive at proper disbursement periods during any of said years (such disbursement periods to be determined by my said Trustee) an equal share of the net proceeds or revenues derived from the trust fund herein established." The trust fund, after making provision for the widow, was to be distributed equally among the surviving children when the youngest surviving child had reached the age of 35 years. The surviving children of a deceased child would take their parent's share.

The petitioners recognize that the trust had to report, as a part of its income, its full distributive share of the net income of the partnership whether or not that share was distributed in any year and that the provisions of section 161, imposing a tax upon the income of a trust, cover the income here in question. Section 162 (b) allows the trust a deduction equal to the amount of the income of the trust for its taxable year "which is to be distributed currently by the fiduciary to the  *  *  *  beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the  *  *  * beneficiaries whether distributed to them or not." The difference between the parties is as to the amount that the trust is entitled to deduct under that provision, which amount must then be included in computing the net income of the beneficiaries whether distributed to them or not. The Commissioner argues that the entire amount of the

trust's distributive share of the net income of the partnership for each year was deductible by the trust and income of the beneficiaries under section 162 (b) because it was "to be distributed currently by the fiduciary to the * * * beneficiaries." The petitioners concede tax liability only on the amount distributed to them in each year. The parties agree that the decision of this question depends upon whether or not the beneficiaries in each taxable year had a present enforceable right to receive the income in question so that it was currently·distributable.

Congress, in order to make sure that trust income would not escape tax, adopted, in Supplement (E), a method whereby all trust income would be a part of the income of the trust for tax purposes, and the trust would be taxable on all of its income but would be entitled to a deduction provided the deductible portion of the income went into the income of a beneficiary. Thus, the primary taxpayer is the trust and the beneficiary is taxable only in case the trust is entitled to a deduction. The incidence of·the tax is made to depend upon the provisions of the trust and a proper interpretation of those provisions. If it can be determined that the testator intended the income in question to be distributed currently to the beneficiaries, then the trust would be entitled to a deduction and the beneficiaries would be required to include the same amount in their incomes.

The widow and the trust have conducted the business as partners and have used, perhaps merely continued to use, an accrual method of accounting under which the exact distributive shares might not be either available for distribution to the partners or even known during the current year. The trust accounted to the probate court on a cash basis. It accounted for and currently distributed "the net proceeds or revenues derived from the trust fund" only as it received them. Did it thus carry out the expressed intention of the testator or did the latter intend that the precise amount of the trust's distributive share of the partnership income should be "distributed currently" to the income beneficiaries in the year in which it was earned by the partnership? "Distributive," as used in section 181, and "to be distributed currently," as used in section 162 (b), do not necessarily refer to the same income. *Heiner* v. *Mellon*, 304 U. S. 271.

The will as a whole, and particularly the portions designated Seventh (e) and Fifth (g), indicate the testator's intention that the trustee should, with the widow, carry on the business and that the trustee should make proper decisions conducive to the continued profitable operation of that business. There is no suggestion of abuse of any discretion thus vested in the trustee. Apparently, the beneficiaries have received annually an adequate and reasonable share of the partnership earnings, which over a period of years is the equivalent of

the entire partnership earnings, as the testator intended. It is not suggested that other than business considerations moved the partners in determining the amount of each annual distribution or that there was any effort made or desire manifest to avoid taxes. No income escapes taxation under the methods adopted by the trust and the beneficiaries. The trustee's acts have all been approved by the probate court. The provision of the will is that the petitioners shall receive a "share of the net proceeds or revenues derived from the trust fund herein established." The testator did not direct that the entire amount which might be included for tax purposes in the income of the trust by reason of its being a partner in the business was to be distributed currently to the beneficiaries. The trust adopted a cash method of accounting for probate purposes and distributed to the beneficiaries all of the income which actually came into its hands. That amount in some years was less and in others was more than the trust's distributive share of the net income of the partnership for the year. The conclusion has been reached that the beneficiaries under this particular will could not have demanded that the trustee distribute to them in each of the taxable years the trust's entire distributive share of the net income of the partnership for that year. Section 162 (b) does not require the Commissioner or this Court to change what the parties have done amenably and with the approval of the probate court where there has been no clear contravention of the provisions of the trust. Cf. *John Frederick Lewis, Jr.*, 1 T. C. 449, affd., 141 Fed. (2d) 221. The trust is not entitled to the deduction and the beneficiaries should not include the disputed amount in their income.

It was held in *Estate of Austin C. Brant*, 44 B. T. A. 1306, 1314, that income, derived by a trust from acquiring buildings through forfeiture of a lease, was deductible under section 162 (b) but the difference in the wills and the surrounding circumstances makes that case inadequate authority for the decision of this one.

The next question relates to payments which the testator directed should be made to employees of his business at the time of his death. He provided in paragraph Fifth (g) of his will that, after satisfying other requirements for payments to his wife and children, "I request that when sufficient funds which I would be entitled to have and receive from said business are available in the treasury of that business so to do, and when it can be determined that said business will in no way be embarrassed or crippled, and that its working capital will not be disturbed thereby, that there be paid to each and every employee of said business, who is such at the time of my death, from moneys belonging to me, the sum of FIFTY DOLLARS ($50.00) for each and every year or major part of a year that such employees had then been regularly in my employ in said business * * * "

The bequests thus made amounted to $5,700 and the trust paid that amount in 1942 from partnership income distributed to it in that year. That amount was deducted from the funds in the hands of the trust in computing the income "to be distributed currently" to the petitioners and taxable to them under section 162 (b). The Commissioner has determined that each should report one-third of the $5,700. They claim that they are not required to report it because they did not receive it and were not entitled to it.

The petitioners did not actually receive any part of the $5,700 because the trustee paid it out of partnership income and its account showing the payment has been approved by the probate court. Here again there is no suggestion of any abuse of discretion on the part of the trustee and the only real question is whether the decedent clearly intended that this bequest should be paid only from corpus. The Commissioner would be in error in taxing the petitioners as if they had received or were entitled to receive this money if the decedent intended that the trustee should pay the bequest out of income or if he intended to give the trustee the discretion to pay it either out of income or out of corpus. Cf. *Old Colony Trust Co. et al., Executors*, 38 B. T. A. 828; *Helvering* v. *Pardee*, 290 U. S. 365. The petitioners in neither case would have any right to object to the action of the trustee in paying it out of income or to demand the income in question from him. The will is not entirely clear but the trustee did not err in concluding that it had a right to pay these bequests out of income. It was obviously given rather wide discretion in regard to the payment of the amount. It might be concluded that it was to make the payment only from income. The most that could be said for the Commissioner's contention would be that the trustee had the discretion to pay it either from corpus or income but, in that case, it exercised its discretion by paying it from income, which effectively deprives the petitioners of any claim for the amount.

The final issue relates to taxes paid by the trust. The briefs of the Commissioner indicate that he does not oppose the subtraction of the correct income tax liability of the trust for each year in computing the share of the trust income taxable to each petitioner for that year under section 162 (b). He does oppose the subtraction of amounts paid in 1942 and 1943 by the trust representing taxes of the estate of the decedent. Those taxes were charges against the estate of the decedent at the time received by the trust and do not serve to reduce the income of the trust distributable currently to the income beneficiaries. The Commissioner is in the right as to the proper treatment of those taxes.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*