HORACE GREELEY HILL, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAMIE WILSON HILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANCES HILL CALDWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36567, 36568, 36569. Filed September 29, 1955.

*John M. Barksdale, Esq.*, for the petitioners.

*Frederick T. Carney, Esq.*, and *S. Earl Heilman, Esq.*, for the respondent.

1134

## OPINION.

RAUM, *Judge:* The statutory provisions dealing with the income of estates and trusts evidence an intention that all such income shall be taxed.[2] Cf. *Central Hanover Bank & Trust Co., Executor*, 34 B. T. A. 741. Sections 162 (b) and 162 (c) of the Internal Revenue Code of 1939, together with various other sections, deal with the question of when such income is taxable to the fiduciary and when it is taxable to the legatee, heir, or beneficiary.

Section 162 (b) provides that when the income is "to be distributed currently" all of such income shall be deductible by the fiduciary and taxed to the legatee, heir, or beneficiary whether or not so distributed. On the other hand, as provided in section 162 (c), if distribution is at the discretion of the trustee, and in the case of an estate in the process of administration, only that part of the income actually distributed or made unequivocally available to the distributee is deductible by the fiduciary and taxable to the legatee, heir, or beneficiary. All the remaining income of the estate or trust is taxable to

---

[2] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this chapter (other than the tax imposed by subchapter E, relating to tax on self-employment income) upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. \* \* \*

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary;

the fiduciary.   Cf. *McCrory* v. *Commissioner*, 69 F. 2d 688 (C. A. 5);
*Commissioner* v. *Stearns*, 65 F. 2d 371 (C. A. 2), certiorari denied
290 U. S. 670; *Ethel Holmshaw Fickert*, 15 T. C. 344; *Mary Pyne
Filley*, 45 B. T. A. 826; *Estate of Austin C. Brant*, 44 B. T. A. 1306;
*Leonard Marx*, 39 B. T. A. 537.

The respondent has taken the position that the income of the estate
of Horace Greeley Hill, during the taxable years 1943 to 1946, in-
clusive, was "to be distributed currently" to the legatees within sec-
tion 162 (b) and that, consequently, all of such income is taxable to
the legatees, whether distributed to them or not.   We cannot agree.

In order that income be currently distributable within the mean-
ing of section 162 (b), the person or persons to whom such income
is so distributable must have a present, enforceable, vested right to
such income.   *Freuler* v. *Helvering*, 291 U. S. 35; *Commissioner* v.
*Lewis*, 141 F. 2d 221 (C. A. 3); *Estate of Isadore Zellerbach*, 9 T. C.
89, affirmed per curiam 169 F. 2d 275 (C. A. 9), certiorari denied 335
U. S. 903; *Jack M. Franks*, 32 B. T. A. 260.   This right must be
clear, and not subject to any condition as to its enforceability.   The
mere right to apply to a court of competent jurisdiction to compel
distribution, where it is possible, but not clear, that such application
would be granted, is not equivalent to a present enforceable right.
*Estate of B. Brasley Cohen*, 8 T. C. 784; *Marjorie V. L. Hudson*,
8 T. C. 950.

Assuming *arguendo* that section 162 (b) could apply in an appro-
priate case to an estate in the process of administration, an examina-
tion of the will in the instant case convinces us that its terms do
not purport to make the income of the estate currently distributable
to the legatees as required by the foregoing cases.   Item IV permits
the executors, "in their sole and absolute discretion," either to waive
or to require refunding bonds, as they see fit.   The Government does
not argue that this provision is void or unenforceable in Tennessee,
and we cannot ignore it.   If a demand for refunding bonds had been
asserted by the executors it is at least highly doubtful whether a
legatee would have the right to compel the payment of income in
excess of the amount the executors desired to distribute, without first
furnishing such bond.   The furnishing of such a bond is not an in-
substantial condition, and could well be highly burdensome.   The
power of the executors to require it as a condition of the distribu-
tion of current income prevents the legatee from having at any time
the present enforceable right contemplated by section 162 (b).   Cf.
*Freuler* v. *Helvering, supra.*

It has been stated generally that whether income is "to be distributed
currently" must be resolved by reference to local law.   However, we
have not been shown, and we know of no example of local law which
would require as a general rule of law that the income of an estate

in process of administration must always be distributed currently despite the fact that the will itself has not so provided. Respondent does not suggest that such is the law in Tennessee. Of course, void or unenforceable provisions in a will could be ignored, but there is no suggestion that the provision in the present will respecting refunding bonds is in any way so defeasible. The necessity of resorting to local law normally arises after it is ascertained that the will or trust instrument by its terms alone purports to require that income be distributed currently. It then becomes necessary to resort to local law to determine whether it will permit the terms of the will or trust instrument to be literally enforced, and cause to vest in the legatee, heir, or beneficiary the absolute right apparently conferred upon him by the testator or settlor. The will itself, in the instant proceeding, does not purport to confer such right. Cf. *Saulsbury* v. *United States*, 199 F. 2d 578 (C. A. 5), certiorari denied 345 U. S. 906; *Kathryn Titus MacMurray*, 16 T. C. 616; *Edna C. Gutman*, 1 T. C. 365, affirmed 143 F. 2d 201 (C. A. 2); *Ethel S. Garrett*, 45 B. T. A. 848. See also, *Smith's Estate* v. *Commissioner*, 168 F. 2d 431 (C. A. 6).

Thus, the petitioners, during the taxable years 1943 to 1946, inclusive, lacked such a present, absolute right to receive income as is contemplated by section 162 (b). Accordingly, they may not be required by section 162 (b) to include in their returns for those years amounts in excess of income actually distributed to them.

The deficiencies determined by the Commissioner were based solely on sections 162 (b) and 22 (a), Internal Revenue Code of 1939. For the reason discussed above, we have concluded that section 162 (b) is inapplicable. The Commissioner has presented no independent argument to sustain the deficiencies under section 22 (a). And it is also clear that section 162 (c) cannot be applicable since the income in question was not in fact "paid or credited" to petitioners during the taxable years.[3]

Reviewed by the Court.

*Decisions will be entered under Rule 50.*

---

BRUCE, *J.*, concurring: I concur in the result reached by the majority but think that under the facts in the instant case it is unnecessary to decide whether income is to be distributed currently within

---

[3] Section 162 (c) deals in part with "income received by estates of deceased persons during the period of administration or settlement of the estate." Accordingly, it might be arguable that such income may be taxed to the beneficiaries, if at all, only under section 162 (c), and that if section 162 (c) is inapplicable, then resort may not be had to section 162 (b). Cf. *Estate of Peter Anthony Bruner*, 3 T. C. 1051; *Marie B. Hirsch*, 9 T. C. 896. The result of such reasoning here would be that since section 162 (c) is inapplicable the deficiencies must be disapproved. However, we find it unnecessary to pass upon the question whether subsections (b) and (c) are mutually exclusive, since we have concluded that, in any event, the deficiencies cannot be sustained under either (b) or (c).

the purview of section 162 (b) where the executor can require the distributee to furnish a refunding bond. A decision on this ground is somewhat broad as a refunding bond could apparently have been required by the executors under the law in Tennessee (Williams, Code of Tennessee (1934), sec. 8336), and no doubt could be required in a large number of other States having similar statutes, even if there had been no provision concerning refunding bonds in the will. Where, as here, under the law of Tennessee, the State having jurisdiction of the administration and distribution of the estate, the petitioners did not have a present enforceable right to the income in question regardless of whether they could have been required to furnish refunding bonds, it appears to me unnecessary and inappropriate to rest the decision on the ground adopted by the majority.

Under the common law (*McClanahan* v. *Davis, et al.*, 49 U. S. 169, 178) applicable in Tennessee (*Nashville & American Trust Co.* v. *Baxter*, 171 Tenn. 494, 105 S. W. 2d 108, 113; *Hadley* v. *Kendrick*, 78 Tenn. 525), the executor is required to apply the personal estate first to the payment of debts (including taxes) and the legatees are not entitled to possession of the estate without the executor's consent, even though the testator has provided otherwise. Since income received by the estate during the period of administration becomes part of the personal estate and is subject to the claims of creditors (*Union Planters National Bank & Trust Co.* v. *Beeler*, 172 Tenn. 317, 112 S. W. 2d 11; *Bonham* v. *Bonham*, 180 Tenn. 364, 175 S. W. 2d 328; *Globe Indemnity Co.* v. *Bruce*, (C. A. 10) 81 F. 2d 143, 152, certiorari denied 297 U. S. 716; *People's Pittsburgh Trust Co.* v. *United States*, 6 F. Supp. 447, 454), the legatees had "no present enforceable right" to the income in question in the absence of the assent of the executors to its distribution, while the debts and taxes remained unpaid, even though the will is construed to state the contrary.

Respondent has cited no cases or statutes that would require a different conclusion and none have been found by an independent research. Williams, Code of Tennessee, section 8335, providing for the distribution of the surplus "immediately after the expiration of eighteen months" has been construed to be directory and not mandatory (*Nashville & American Trust Co.* v. *Baxter, supra*). Also, while the petitioners might have had the right to apply to an equity court to compel a distribution, it was certainly within the discretion of such court to refuse their request and to grant the executors additional time. Williams, Code of Tennessee, sec. 8196.7. In general the language in the decisions of the Supreme Court of Tennessee indicated that it would be improper to make a distribution while, as here, the debts and taxes remained unpaid. *Delaney* v. *Delaney*, 190 Tenn. 632, 231 S. W. 2d 328, 330; *Union Planters National Bank & Trust Co.* v.

*Beeler, supra; Hutchinson* v. *Montgomery,* 172 Tenn. 375, 112 S. W. 2d 827, 828; *Nashville & American Trust Co.* v. *Baxter, supra.* See also *Nashville Trust Co.* v. *Commissioner,* (C. A. 6) 136 F. 2d 148, 151; *George F. Thompson,* 6 T. C. 285; Williams, Code of Tennessee, secs. 1291, 1292, 1297, 1298, 1309; Regs. 105, sec. 81.99. As petitioners at best had only the right to apply to a court to compel distribution, under the authorities cited in the majority opinion the income was not distributable currently regardless of the executor's right to require a refunding bond.

For the same reasons I consider it unnecessary to determine whether, under the terms of the will, which designated his wife and named children "or to such of them who survive me and are living at the time of actual final distribution of my estate" as his residuary legatees, the petitioners were entitled to distribution of the income of the estate prior to "actual final distribution" of the estate.