FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

**April 8, 1996**

**Cecil Crowson, Jr.**
Appellate Court Clerk

IN RE:                                  (
                                        (
ESTATE OF MARY T. AUSTIN,               (
                                        (
    Deceased,               (
                                        (
                                        (
ELIZABETH T. AUSTIN,                    (  Greene Chancery
                                        (
    Beneficiary-Appellant,   (  Hon. Dennis H. Inman,
                                        (  Chancellor
                                        (
                                        (  Appeal No. 03S01-9410-PB-00092
v.                                      (
                                        (
                                        (
CHRISTY N. AUSTIN AND ROBERT  (
C. AUSTIN, JR.,                         (
                                        (
    Beneficiaries-Appellees. (

For Beneficiary-Appellant:

Craig V. Gabbert, Jr.
L. Glenn Worley
Harwell, Howard, Hyne, Gabbert
    & Manner, P.C.
Nashville

Jack W. Robinson, Sr.
Gullett, Sanford, Robinson
    & Martin
Nashville

For Beneficiaries-Appellees:

John A. Walker, Jr.
Walker & Walker, P.C.
Knoxville

Bernard E. Bernstein
James W. Parris
Bernstein, Stair & McAdams
Knoxville

# O P I N I O N

JUDGMENT OF TRIAL COURT AND
COURT OF APPEALS REVERSED.                    REID, J.

This case presents for review the decision of the probate court, affirmed by the Court of Appeals, that the personal representative in this case may, in his discretion, distribute certain corporate stock in kind rather than sell the stock and distribute the proceeds. The decision misconstrues applicable law and is reversed.

The parties, Elizabeth T. Austin, appellant, and Christy N. Austin and Robert C. Austin, Jr., appellees, are the children and only descendants of the decedent, Mary Elizabeth Timmons Austin, who by her last will and testament willed her entire estate to her husband, Robert C. Austin, Sr. Pursuant to Tenn. Code Ann. § 31-1-103 (Supp. 1995), the husband disclaimed certain property, including 382 shares of stock in Rolich Corporation. Pursuant to Tenn. Code Ann. § 32-3-105 (Supp. 1995), the disclaimed property passed to the testatrix's children, equally.

During the administration of the estate, the appellees filed a motion requesting that the Rolich stock be distributed in kind to the children equally. The appellant opposed the motion and insisted that the stock be sold and the proceeds distributed to the parties equally. The probate court granted the appellees' motion and ordered that the stock be divided in kind. In arriving at that decision, the

-3-

court noted that "the authorities that [the appellant] has cited appear to require the personal representative to liquidate the entire personal estate to cash," but concluded that, since the stock was "capable of division and allocation much in the same way as money," it would be distributed in kind, even though the appellant's stock "will be virtually worthless."  The stock was valued at $467,000 at the time of the decedent's death.

The Court of Appeals concurred with the probate court's analysis.[1]  After reviewing the statutory history of the applicable statute, Tenn. Code Ann. § 30-2-303 (Supp. 1995), the Court of Appeals concluded that the substitution of the word "may" for "shall" in the 1932 revision of the statute relieved personal representatives of the obligation under prior law to convert personalty to cash, and authorized the distribution of personalty in kind, in the discretion of the personal representative.

---

[1]In a dissent, Judge Herschel Franks agreed that the statutes now "vest" the executor "with discretion to sell or distribute in kind personal property where there can be equality of division."  However, noting that the equal division of stock in the closely held corporation would disadvantage the appellant, Judge Franks found that the personal representative's division of the stock resulted in an "unfair distribution of the distributees' interests in the corporation" and consequently, was an "abuse of discretion" by the personal representative.

The issue presented is a question of law; consequently, the scope of review is <u>de</u> <u>novo</u> with no presumption of correctness.  <u>See</u> Tenn. R. App. P. 13(d); <u>Union Carbide Corp. v. Huddleston</u>, 854 S.W.2d 87, 91 (Tenn. 1993).

It is the conclusion of this Court that the focus of the present statute, and also its precursors, is on the <u>manner</u> in which the sale may be made rather than the obligation to sell.

Although the certain origin of the rule has not been disclosed by the authorities relied upon by counsel or the Court's research, historically, a personal representative was required to convert personalty to cash prior to distribution, unless relieved of that duty by the provisions of a will or the consent of <u>sui</u> <u>juris</u> beneficiaries.  The most ancient treatise conveniently available to the Court is <u>A Treatise on the Law of Executors and Administrators</u>, originally published in 1883.  The following are excepts from that work:

> § 339.  **Representative's Power to dispose of Assets.--**For the sake of an efficient administration of the estate which he represents, the absolute control of the personal property of the decedent, for purposes of his trust, is

vested by law in the executor or administrator, and he has the legal power to dispose of any and all of such property at discretion.  This rule, as we have seen, prevails where no statute opposes restraints; and while <u>it is the representative's duty to use reasonable diligence in converting assets into cash</u>, for the general purposes of his trust, the law permits him, within certain limits, to exercise a reasonable discretion as to the time when he shall make a transfer of assets, and the manner in which his right of disposition shall be exercised. . . .

. . .

§ 341. **Whether Assets should be sold at Public or Private Sale.--**The general rule is that the representative's sale of his decedent's personal property may be either at private or public sale, provided the sale be reasonably prudent and honest. . . .

. . .

§ 506.  **Whether Distribution may be of Specific Chattels not reduced to Cash.--** In order to distribute strictly under a decree of distribution, <u>the reduction of the surplus to cash would seem to be necessary</u>.  But such a course must sometimes be highly disadvantageous, in these times, especially where the estate is a large one; and it is preferable wherever the distributees can be brought into accord, to make a division specifically or in kind, save so far as a sale may have been necessary for the security and benefit of the estate in course of administration.

James Schouler, <u>A Treatise on the Law of Executors and Administrators</u> §§ 339, 341, 506 (2d ed. 1889) (emphasis

added).  Another respected author has commented:

> Historically it was the function of an executor to _liquidate and distribute_ the assets of the estate not specifically disposed of by the will, and, except where a statute permits him to do so, it would seem doubtful that an executor may compel a general or residuary legatee to take distribution in kind unless the will contains an express provision permitting such distribution.  In some states, however, the historical rule has been reversed by statute, in that an executor is without power to liquidate assets otherwise than as necessary to meet cash requirements.  Except for assets that, under the will or under such a statute, or by consent of the beneficiaries, are to be distributed in kind, the principles mentioned in the last preceding section _require the executor to liquidate promptly_, lest he be surcharged for a decline in values before liquidation is actually made.

Eustace W. Tomlinson, _Administration of Decedents' Estates_ § 7.6-2 (1972) (emphasis added).

The court has not been referred to a Tennessee case which addresses the issue directly.  However, several Tennessee cases acknowledge the duty of the personal representative to liquidate estate personalty.  In _Union Planters Nat'l Bank & Trust Co. v. Beeler_, 172 Tenn. 317, 112 S.W.2d 11 (1938), this Court, in response to the non-resident beneficiaries' contention that the income from stock held by

the administrator was not subject to the Tennessee income

tax, observed as follows:

> [The distributees] are only entitled to
> the residue of the general estate after
> the personal representative has reduced
> it to money and has paid the decedent's
> debts.  Having only an inchoate right in
> the surplus assets of the estate, the
> heirs, whether resident or nonresident,
> are not subject to the tax upon the
> income from securities belonging to the
> personal representative . . . .

Id. at 12 (citations omitted).

In Boulton v. Cochran, 41 Tenn. App. 43, 292

S.W.2d 511, 519 (1954) the court stated:

> The testatrix did not have to
> authorize the executor to reduce to
> money her residuary estate.  Normally he
> would have been required to do so.
> Assuming that she knew what her executor
> would normally and legally do it appears
> to us, and we so hold, that the above
> residuary clause was correctly
> interpreted by the Chancellor. . . .

In Bradshaw v. Cruise, 51 Tenn. 260 (1871), in an

action challenging the terms of the sale of the decedent's

personal estate, this Court stated that it was the

administrator's "duty to sell the property, and so to sell as

to secure the best price for the benefit of the creditors and

distributees.  In this matter he must necessarily exercise a discretion, but in doing so, he must risk the consequences of an unwise or rash exercise of that discretion."  Id. at 263. The discretion discussed obviously relates to the manner of sale, time, place, and terms.

The statute, throughout its evolution, has addressed how the sale is to be made and assumes the necessity of a sale.  The following provisions of Chapter 7 of the Acts of 1797 support this conclusion.

> 4.  *Be it enacted*, That so much of the laws which are in force and use in this state as puts it in the power of the sheriffs to sell estates, either intestate or otherwise, is hereby repealed and made void to all intents and purposes.
>
> 5.  *Be it enacted*, That executors or administrators, are hereby authorized and empowered to employ any person on reasonable terms to make sale of such estates, agreeable to law, for the use of the legatees, any law, usage or custom to the contrary notwithstanding.

1 Edward Scott, Laws of the State of Tennessee 596 (1821). That statute revoked the power of sheriffs to make the sales, bestowed that power on executors and administrators, and allowed them to employ private persons to conduct the sales. These sections were included as sections 2241 through 2245 in

the Tennessee Code of 1858, Title 3, Chapter 2, Article VIII under the caption, "Inventory and Account of Sales."

The appellees rely upon one of several changes made in the 1932 Code of Tennessee. Section 2243 of the 1858 code became Section 8191 of the 1932 code and was re-titled "Sale of Decedent's Effects, Time and Place." That section provided:

> The executor or administrator may make sale of the goods and chattels of the deceased to the highest bidder, on ten days written notice of the time and place of sale, which place shall be the usual residence of the deceased, or other place deemed more convenient by the executor or administrator.

In this enactment, "may make sale" was substituted for "shall make sale." In 1977, this section became Section 30-503 of the Tennessee Code Annotated. The current version of the statute, Tenn. Code Ann. § 30-2-303, was enacted as Chapter 140 of the Public Acts of 1985, and reads as follows:

> Unless otherwise directed by the will and unless the specific personal property is the subject of a bequest, the personal representative of a testate or intestate estate may, in the personal representative's discretion, sell the personal property of the decedent at public or private sale, for cash or on terms, in such manner and for such

> prices as the personal representative
> may deem advisable; but the personal
> representative shall not make a private
> sale to the personal representative, to
> business associates, to members of the
> personal representative's immediate
> family or to their agents without court
> approval or the written consent of all
> residuary distributees of the estate.
> The personal representative may employ
> persons or firms to conduct the sale and
> shall receive credit for all reasonable
> expenses of the sale in the final
> accounting.

Tenn. Code Ann. § 30-2-303 (Supp. 1995).

The language and structure of this provision compel the conclusion that the discretion granted to the personal representative relates to the procedure for selling the decedent's personal property, not whether to sell. The personal representative may sell at public or private sale, the personal representative may demand cash or allow terms of payment, the personal representative may decide the manner of sale and determine the prices. There is no language in this section suggesting that the discretion given to the personal representative relates to his authority to distribute in kind or in cash. Nor is there language that would guide the personal representative in exercising such discretion.

Treatises on the administration of estates in

Tennessee support the view that, unless relieved by the provisions of a will or the consent of <u>sui juris</u> beneficiaries, the personal representative of an estate is obligated to convert personalty into cash during the administration of the estate. <u>Pritchard</u>, recognized for many years as a reliable authority, explains the current law as follows:

> . . . the law does not contemplate the division of personal property <u>in specie</u>, but provides for reducing it to cash, so that equal distribution may be made of the surplus funds. However, if all persons interested are <u>sui juris</u> and agree to a division in kind of property left after payment of debts, or not needed for that purpose, such a course is not objectionable, if equality can be attained and the administrator stands impartial. But the legal method of discharging distributive shares is by paying distributees the amounts to which they severally are entitled in lawful currency, and taking their receipts therefor. This mode is to be insisted upon in every case, and unless all distributees otherwise agree to a division in kind, a departure from it can only be justified where it is manifest that its adoption will work extraordinary hardships and equally clear that specific division of the chattels will not produce inequalities, complications and future litigation.

Jack W. Robinson & Jeff Mobley, <u>Pritchard on the Law of Wills</u>

and Administration of Estates § 829 (5th ed. 1994).[2]

Another authority on Tennessee probate law has written:

> A personal representative becomes by law vested with the whole personal estate of his decedent to such extent as that he may sell the same and transfer a good title to purchaser.  Unless prohibited or directed by the provision of a will a personal representative is under obligation to convert the personal estate, that is chattels and the like, into money by a sale either publicly or privately.

Joseph Higgins, Administration of Estates in Tennessee § 932 (1943) (emphasis added).

This substantial authority prevails over the appellees' reliance on the substitution of "may" for "shall" in the antecedent statute.

The decision that the discretion granted to the personal representative under the statute relates to the manner in which the sale may be made and not to whether a

---

[2] See also Robert Pritchard, Pritchard § 760 (1894); Robert Pritchard, Pritchard § 760 (2d ed. 1928); 2 Harry Phillips, Pritchard § 760 (3d ed. 1955); 2 Harry Phillips & Jack W. Robinson, Pritchard § 809 (4th ed. 1983);  Pritchard is "an authority recognized by both the bench and the bar of this state," and has been cited innumerable times by Tennessee courts.  American Nat'l. Bank & Trust Co. v. Mander, 36 Tenn. App. 220, 253 S.W.2d 994, 999 (1952).

sale will be made, renders unnecessary an examination of the basis on which the personal representative decided to make distribution of the Rolich stock in kind, even though, according to the trial court, that decision would have rendered the appellant's stock in the corporation worthless.

## Conclusion

The trial court and the Court of Appeals erred in deciding that the personal representative could, in his discretion, distribute the stock in kind. The personal representative is required to sell the stock, pursuant to the provisions of Tenn. Code Ann. § 30-2-303, and distribute the proceeds among the beneficiaries equally.

Costs are taxed against the appellees, Christy N. Austin and Robert C. Austin, Jr.


_____
Reid, J.


Concur:

Anderson, C.J., Drowota, Birch,
   and White, JJ.