IN THE COURT OF APPEALS
AT KNOXVILLE

**FILED**

**February 29, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

IN THE MATTER OF:                    )    GREENE COUNTY
ESTATE OF MARY TIMMONS AUSTIN,       )    E1998-00825-COA-R3-CV
                                     )
THOMAS A. SCOTT, JR.,                )
Administrator C.T.A.                 )
                                     )
ROBERT C. AUSTIN, JR.                )
                                     )
     Beneficiary-Appellant           )    HON. THOMAS FRIERSON II,
                                     )    CHANCELLOR
                                     )
v.                                   )
                                     )
                                     )
ELIZABETH T. AUSTIN                  )
                                     )
     Beneficiary-Appellee            )    AFFIRMED AND REMANDED


JOHN P. KONVALINKA AND DAVID M. ELLIOTT OF CHATTANOOGA FOR
APPELLANT

CRAIG V. GABBERT, JR., L. GLENN WORLEY AND M. KIMBERLY STAGG OF
NASHVILLE FOR APPELLEE


O P I N I O N



                              Goddard, P.J.



     This is an appeal from the Chancery Court's judgment

awarding attorneys' fees from the assets of the Estate of Mary

Timmons Austin.  Robert Austin, Jr., Appellant, raises the following issue:

> Did the trial court err in whole or in part by awarding attorneys' fees from the Mary T. Austin Estate to Harwell Howard Hyne Gabbert & Manner, P.C., attorneys for beneficiary Elizabeth T. Austin?

The facts of this case span a period of ten years. Mary Timmons Austin died on August 17, 1989, leaving a husband and three children.  She devised and bequeathed all her assets to her husband, Robert Austin, Sr.  Her will named her husband as the executor, but in the event he could not perform these duties, Elizabeth Austin, their daughter, was named executor.  On May 16, 1990, an order was entered admitting Mrs. Austin's will to probate in common form and Mr. Austin filed a Disclaimer of Interest in Decedent's Estate wherein he renounced his claim to certain property and stock in the Estate.  Mr. Austin died on August 14, 1990, before completing administration of Mrs. Austin's estate.

On May 16, 1991, the court appointed Elizabeth Austin, who was the alternate executor in the will, as executrix of Mrs. Austin's estate.  Robert Austin, Jr. opposed this appointment. The main point of contention among the three siblings has been the Rolich stock in Mrs. Austin's estate.  In 1991 and 1992, Robert Austin, Jr. (hereinafter "Robert Jr.") and Christy Austin (hereinafter "Christy") moved the court to direct Elizabeth

Austin (hereinafter "Lisa")[1] to distribute the Rolich stock in kind. On July 23, 1992, Robert Jr. filed a motion to remove Lisa as executrix and to appoint a successor executor. Before the court ruled on these motions, Lisa petitioned to resign as executrix on August 10, 1992, because the motions would require her to protect her rights as an individual beneficiary.

On November 9, 1992, Lisa responded to the motions for her to distribute the Rolich stock in kind. Lisa argued that the Rolich stock should be sold and the proceeds divided by the beneficiaries, instead of an in kind distribution. On November 18, 1992, Lisa petitioned the court to order the Administrator C.T.A. of the Estate to place the Rolich stock on the market for sale. The Administrator C.T.A., Eric Christiansen, filed a memorandum which stated his intention to distribute the stock in kind unless otherwise directed by the court. On March 3, 1993, the court granted the motion to distribute the Rolich stock in kind. Lisa appealed the court's decision and this court affirmed the trial court. See Elizabeth T. Austin v. Christy N. Austin, et al., an unreported opinion of this Court, filed in Knoxville on June 30, 1994. The Tennessee Supreme Court reversed the trial court and this Court by holding that the personal representative is required to sell the stock and distribute the proceeds. See

---

[1] Our use of the first names of the parties should not be construed as any disrespect, but rather is for ease of reference.

<u>Elizabeth T. Austin v. Christy N. Austin, et al.</u>, 920 S.W.2d 209 (Tenn. 1996).

The second lawsuit for which Lisa seeks attorneys fees involved a complaint Lisa filed, before she resigned as executrix, against Rolich Corporation on behalf of the Estate.[2] In the complaint, Lisa asserted that Rolich Corporation sold its Unaka stock to Lisa, Christy, Robert Jr. and Robert Sr. at a price less than fair market value. According to Lisa, the Estate's interest as a shareholder in Rolich was damaged by this sale of Unaka stock. Mr. Christiansen, who was appointed Administrator C.T.A. after Lisa resigned, declined to pursue this litigation and surrendered his right to any beneficiary. Lisa chose to pursue the litigation. The lower court dismissed the action, but this Court reversed the lower court. See <u>Christiansen v. Rolich Corp.</u>, 909 S.W.2d 823 (Tenn. Ct. App. 1995). We found that Lisa could maintain the lawsuit as a personal representative of the Estate. See <u>Christiansen</u>, 909 S.W.2d at 825.

---

[2] The parties refer to this lawsuit as the Roll Over Suit because Lisa, Christy, Robert Jr. and Robert Sr., as Directors of Rolich Corporation, sold shares of Unaka to themselves at a discounted price to avoid tax liability.

On April 30, 1998, Thomas A. Scott, Administrator C.T.A. of the Estate, filed a "Petition To Approve Attorneys Fees and Expenses and a Plan of Distribution and to Close the Estate." The attorneys' fees Mr. Scott petitioned to be approved were fees incurred during the distribution in kind litigation and the roll over litigation. Mr. Scott recommended that the fees be awarded because benefit inured to the Estate, the lawsuits were pursued in the name of the Estate and the lawsuits guided the personal representative in the appropriate actions to take in administrating the Estate. Rolich Corporation and Robert Jr. objected to the approval of these attorneys' fees. On November 5, 1998, the Chancery Court awarded attorneys' fees and expenses to Harwell, Howard, Hyne, Gabbert & Manner, P.C. (hereinafter "firm") in the amount of $91,965.64. The Chancery Court found the services provided by the firm were necessary to the administration of the Estate and inured to the benefit of the Estate.

First, Robert Jr. argues that an agreement signed by Lisa in 1996 precludes her recovery of attorneys' fees. Rolich Corporation filed suit against Lisa, Christy and Robert Jr. to enforce this agreement through mediation. According to Robert Jr., this matter should be part of the mediation process in the

separate lawsuit filed by Rolich.  Essentially, Robert Jr. asked the lower court to interpret the agreement, which was the issue of a separate pending lawsuit, or order that the attorneys' fees issue in this case become part of the mediation in the separate Rolich suit.  The Chancellor, without interpreting the agreement, found that the attorneys' fees issue should not be part of the mediation ordered in the separate lawsuit.

Because the Chancellor only addressed the issue of mediation, we are constrained to do the same.  The interpretation of the agreement will be determined in the court-ordered mediation of the separate pending Rolich suit.  After a thorough review of the record, we agree with the Chancellor's decision.

Second, Robert Jr. argues that the attorneys' services did not benefit the Estate.  "Fees for the services of an attorney not employed by the personal representative are sometimes allowed out of the assets but only where the services have inured to the benefit of the estate." Davis v. Mitchell, 178 S.W.2d 889, 915 (Tenn. Ct. App. 1943).  The trial court possesses broad discretion in assessing attorney's fees against an estate if the services benefitted the estate.  See Merchants & Planters Bank v. Myers, 644 S.W.2d 683, 688 (Tenn. Ct. App. 1982).  We will not disturb the trial court's award of attorney's

fees unless there is an abuse of discretion.  See <u>Aaron v. Aaron</u>, 909 S.W.2d 408, 411 (Tenn. 1995).

The distribution in kind litigation certainly benefitted the Estate because the stock was more valuable when sold as a unit compared to being split evenly among the beneficiaries.  As Mr. Scott stated in his petition to approve attorneys' fees, the "sale resulted in a significantly higher price for the stock than was previously offered."  The roll over suit was initiated to insure that the Estate's interest in the Rolich Corporation was not damaged by the sale of Rolich's Unaka stock.  On appeal, this Court stated that Lisa was acting as a personal representative of the Estate in filing the roll over suit although she was a beneficiary and participated in the alleged wrongdoing.  See <u>Christiansen v. Rolich Corp.</u>, 909 S.W.2d 823, 825 (Tenn. Ct. App. 1995).  The Chancellor found the roll over suit benefitted the Estate.   We agree with the Chancellor's determination that both actions benefitted the Estate.

The parties dispute whether the fees must be shown to have been necessary and proper.[3]  Robert Jr. asserts that attorney's fees charged to the estate, whether by the executor or a beneficiary, must be shown to have been necessary and proper.

---

[3] Another requirement when requesting attorneys fees is that the fees are reasonable.  The parties are not disputing the reasonableness of the award in this case.

7

See <u>In re Estate of Wallace</u>, 829 S.W.2d 696, 701 (Tenn. Ct. App. 1992); <u>In re Estate of Cuneo</u>, 475 S.W.2d 672, 676 (Tenn. Ct. App. 1971).  Lisa asserts that the only standard applied in cases where someone other than the executor sought attorney's fees is whether the services inured to the benefit of the estate.  <u>See</u> <u>Leaver v. McBride</u>, 506 S.W.2d 141, 145-6 (Tenn. 1974); <u>Pierce v. Tharp</u>, 455 S.W.2d 145, 148 (Tenn. 1970); <u>Merchants & Planters Bank v. Myers</u>, 644 S.W.2d 683, 688 (Tenn. Ct. App. 1982).

We do not believe it is necessary under the facts of this case to resolve the competing contentions of the parties. We reach this conclusion because we are convinced that where the value of an estate has been enhanced and it would not have been absent the efforts of an attorney, the attorney's services were obviously necessary.

For the foregoing reasons the judgment of the Chancery Court is affirmed and the cause remanded for the collection of costs below.  Costs of this appeal are adjudged against Robert Austin, Jr., and his surety.

 

 

_____
Houston M. Goddard, P.J.


CONCUR:

8

_____
Herschel P. Franks, J.


_____
John K. Byers, Special Judge